No. 25855

**The People of the State of Colorado v.
Paschall L. Sanders**
(524 P.2d 299)

Decided July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas,

Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

MR. JUSTICE KELLEY delivered the opinion of the Court.

■■ Defendant entered a plea of guilty to an assault to rob charge in the District Court in the City and County of Denver, and thereafter was sentenced to the penitentiary on September 17, 1969. He now brings this Crim. P. 35(b) motion asking to vacate the judgment and sentence entered on that plea on the grounds that the trial court did not comply with Crim. P. 11 in accepting his plea. We agree. The trial court did not determine that the defendant understood the nature and elements of assault to rob, therefore, the judgment and sentence must be vacated.

The record of the providency hearing and of two subsequent hearings on defendant's Crim. P. 35(b) motion establish the following facts. At the providency hearing the trial court did not set out and explain the critical elements of assault to rob. He merely asked if the defendant knew what the words "assault to rob" meant. The defendant answered that he did. He also stated that he was pleading guilty because he was guilty. This is the sum and substance of the trial court's inquiry into defendant's understanding of the elements of the offense to which he was pleading guilty.

At two subsequent hearings the defendant testified that at the time he entered his plea, he did not understand the elements of the crime he was charged with. He stated that his attorney had made a "deal" and that he was following his attorney's instructions. The defendant's attorney testified that he had discussed the facts of the case with the defendant and had advised him that he was guilty. He also testified that he was convinced that the defendant had received a generous disposition considering the other charges he had pending

against him. Defendant's lawyer further testified that he did not undertake to educate the defendant as to the legal definitions of the crime of assault to rob.

From our reading of the record, it does not appear that the specific elements of assault to rob were ever explained to the defendant prior to the time he entered his plea of guilty to that crime. Assault to rob, having as one of its elements the specific intent to rob, is not a crime whose elements are readily apparent and understandable to a non-lawyer. *See People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Lottie,* 183 Colo. 308, 516 P.2d 430 (1973).

 This court has repeatedly held that no guilty plea can be deemed valid unless the defendant understands the nature and elements of the crime with which he stands charged. *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972); *People v. Colosacco, supra; People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971). Crim. P. 11 mandates that the court shall not accept a plea of guilty without first determining that the defendant understands the charge. The mere assertion of understanding by the defendant does not satisfy either the letter or spirit of the rule. It must be clear, in fact, that the defendant understands the elements of the charge. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

It is ordered that the judgment and sentence be vacated. The cause is remanded with directions that the defendant be arraigned in accordance with law.

MR. JUSTICE ERICKSON does not participate.