No. 26221

**The People of the State of Colorado v. Delores Baca**
(525 P.2d 1146)

Decided August 26, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant was charged with forgery under C.R.S. 1963,

40-6-8[1] and forgery, under C.R.S. 1963, 40-6-1.[2] Defendant engaged in plea bargaining, and on May 24, 1972, entered a plea of guilty to forgery under section 40-6-8. The count charging forgery under 40-6-1 was dismissed as part of the bargain. The defendant was then sentenced to the Women's Correctional Institution at Canon City.

On July 27, 1973, the defendant filed a motion to withdraw her plea and to have the judgment and conviction set aside pursuant to Crim. P. 35(b). After a hearing held August 27, 1973, the motion was denied.

Defendant argues on appeal that the trial court did not comply with Crim. P. 11 in accepting her guilty plea. The People have confessed error, and an examination of the record compels us to reverse the judgment of the trial court.

 The record is clear that neither defense counsel nor the court ever explained the essential elements of forgery under section 40-6-8 to the defendant before she entered her guilty plea. There is nothing in the record that indicates that

---

[1] "Every person who shall make, pass, utter, or publish, with an intent to defraud any person, body politic or corporate, . . . or shall have in his possession with like intent to pass, utter, or publish any fictitious bill, note, or check purporting to be the bill, note, or check or other instrument of writing, for the payment of money or property of some bank, corporation, partnership, or individual, when in fact there shall be no such bank, corporation, partnership, or individual in existence, the person knowing the bill, note, check, or instrument . . . to be fictitious, shall be deemed guilty of the crime of forgery . . . ."

[2] "Every person who shall falsely make, alter, forge, or counterfeit any record or other authentic matter of a public nature, or any charter, letters patent, deed, lease, indenture, writing obligatory, will, . . . bank bill or note, post note, check or draft, . . . promissory note, due bill, for the payment of money or property . . .; or shall counterfeit or forge the seal or handwriting of another, with intent to damage or defraud any person, body politic or corporate . . .; or shall utter, publish, or pass, as true and genuine, or cause to be uttered, published, or passed as true and genuine, any of the above named false, altered, forged or counterfeited matters as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person, body politic or corporate . . .; every person so offending shall be deemed guilty of forgery . . . ."

the defendant otherwise was aware of the elements of that charge. *See People v. Hutton,* 183 Colo. 388, 517 P.2d 392 (1973). Thus, the judgment of the trial court must be reversed. *People v. Sanders,* 185 Colo. 356, 524 P.2d 299. *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971).

It is ordered that the cause be remanded with directions that the sentence be vacated, that the defendant be rearraigned and the cause proceed in accordance with law.

MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.