The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Charles Thomas LEONARD,
Defendant-Appellee.

No. 82SA122.

Supreme Court of Colorado,
En Banc.

Nov. 29, 1983.

Dennis E. Faulk, Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellee.

QUINN, Justice.

In this appeal the People challenge the dismissal of two counts of habitual criminality based on convictions resulting from guilty pleas which the district court found were entered without the defendant having understood the elements of the crimes to which he pled. Because we find that the pleas complied with the requirements of due process of law and Crim.P. 11, we disapprove the judgment of dismissal.

## I.

On March 13, 1981, a multi-count information was filed charging the defendant, Charles Thomas Leonard, with the following offenses allegedly committed on February 14, 1981: second degree burglary,[1] misdemeanor theft,[2] conspiracy to commit burglary and theft,[3] criminal mischief,[4] and possession of burglary tools.[5] The informa-

tion was amended on April 16, 1981, by adding three counts, each alleging a prior felony conviction in 1973, 1975, and 1978 respectively.[6] The defendant thereafter filed a motion to dismiss the habitual criminal counts alleging, *inter alia,* that he had not been properly advised of the elements of the crimes to which he pled and, therefore, the guilty pleas were not knowingly and voluntarily entered in accordance with due process of law. *U.S. Const.* Amend. XIV; *Colo. Const.* Art. II, Sec. 25.

The defendant's motion to dismiss was heard on January 7, 1982, while the trial on the five substantive counts was in progress. The defendant offered and the court received into evidence transcripts of the 1973, 1975, and 1978 providency hearings at which the guilty pleas were entered. The People offered no evidence in opposition to the defendant's motion. At the conclusion of the hearing the court dismissed the counts alleging the 1973 and 1975 convictions because, in its view, the People had not met their burden "of showing by a preponderance of the evidence that the pleas involved were valid in the sense that the defendant at the time knew and understood the nature and elements of the offenses in each case." Trial on the five substantive counts then continued to a conclusion, with the jury returning guilty verdicts on each count.

The People seek appellate review of the trial court's dismissal order on two grounds.[7] Initially, the People argue that

1. Section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8).

2. Section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8).

4. Section 18–4–501, C.R.S.1973 (1978 Repl.Vol. 8).

5. Section 18–4–205, C.R.S.1973 (1978 Repl.Vol. 8).

6. Under section 16–13–101(2), C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), every person convicted of a felony, who previously has

been convicted of three or more felonies separately brought and tried, shall be adjudged a habitual criminal and punished by life imprisonment. If the person convicted has been previously convicted within the preceding 10 years of two felonies, the punishment is a term of not less than twenty-five nor more than fifty years. Section 16–13–101(1), C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.). Because the court's order of dismissal left the prosecution with only the 1978 felony conviction, the defendant did not qualify for adjudication under the habitual criminal statute.

7. The habitual criminal counts having been dismissed by the trial court after jeopardy had already attached on the substantive charges, the Colorado Double Jeopardy Clause, *Colo.*

the defendant's challenge to his prior convictions was barred by section 16–5–402, C.R.S.1973 (1982 Supp.), which establishes a three-year limitation period for collateral attacks upon prior felony convictions. This claim, however, has been resolved adversely to the People by our recent decision in *People v. Germany,* 674 P.2d 345 (Colo. 1983), in which we held that section 16–5–402 violated due process of law under the federal and state constitutions "because it precludes collateral challenges to the constitutional admissibility of prior convictions in pending prosecutions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect." 674 P.2d at 354.[8] The remaining issue, which we address in this opinion, is whether the district court erred in concluding that the 1973 and 1975 convictions could not be used as the predicate for habitual criminality because the constitutional validity of the guilty pleas underlying the convictions was not adequately established.

## II.

■ Due process of law requires a conviction based on a guilty plea be voluntarily and understandingly made. *E.g., Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Watkins v. People,* 655 P.2d 834 (Colo.1983); *People v. Roybal,* 618 P.2d 1121 (Colo.1980). A plea cannot be either a voluntary or a knowing and intelligent admission of guilt unless the defendant receives " 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Henderson v. Morgan,* 426 U.S. at 645, 96 S.Ct. at 2257, 49 L.Ed.2d at 114, *quoting Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, 862 (1941). To ensure that constitutional standards are satisfied the record should affirmatively show "the defendant's understanding of the critical elements of the crime to which the plea is tendered." *Watkins v. People,* 655 P.2d at 837. *See also, e.g., People v. Meyers,* 617 P.2d 808 (Colo. 1980); *People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972).

■ Our cases have demonstrated that the degree of explanation required of a court depends on the nature and complexity of the crime. Where, for example, the crime is "readily understandable to a person of ordinary intelligence from a mere reading of the information without further explanation by the court," a mere reading of the charge may be sufficient. *People v. Muniz,* 667 P.2d 1377, 1383 (Colo.1983); *see, e.g., People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979) (plea of guilty to second degree murder); *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974) (plea of guilty to aggravated robbery). Crimes of greater complexity, on the other hand, require the court to explain in easily understandable terms the critical elements of the crime to which the plea is entered. *See, e.g., People v. Muniz, supra* (conspiracy to commit burglary); *Watkins v. People, supra* (conspiracy to commit escape); *People v. Sanders,* 185 Colo. 356, 524 P.2d 299 (1974) (assault to rob).

Rule 11 of the Colorado Rules of Criminal Procedure is designed to facilitate a more

---

Const. Art. II, Sec. 18, prohibits a retrial of the defendant on habitual criminality. *E.g., People v. Quintana,* 634 P.2d 413 (Colo.1981). Appellate review under these circumstances is limited to approval or disapproval of the judgment. *See* section 16–12–102, C.R.S.1973 (1978 Repl. Vol. 8).

**8.** The trial court ruled that the three-year time bar imposed by section 16–5–402 was not ap-

plicable to the defendant because the three habitual criminal counts were filed on April 16, 1981, prior to the effective date of the statute, July 1, 1981, although the record shows that Leonard's motion to dismiss was filed on January 4, 1982, after section 16–5–402 became effective. Nonetheless, our decision in *Germany* renders moot any issue regarding the court's failure to apply the statutory time bar under the circumstances of the case.

accurate determination of the constitutional validity of guilty pleas. The rule prohibits a judge from accepting a guilty plea without first determining that the plea is voluntarily and understandingly made. *See, e.g., People v. Muniz, supra; People v. Colosacco, supra.* Compliance with the rule also creates an adequate record to support a determination by both the arraigning court and a reviewing court of the defendant's understanding of the crime to which the plea is tendered. *See, e.g., People v. Muniz, supra; People v. Mason, Jr.,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971).

## III.

In assessing the validity of the defendant's 1973 and 1975 convictions, we are guided by the provisions of Rule 11 in effect at the time the pleas were entered. *See, e.g., People v. Muniz, supra; People v. Moore,* 636 P.2d 1290 (Colo.App.1981). In 1973, Crim.P. 11(a) provided in pertinent part that the court shall not accept a guilty plea without first determining that "the plea is made voluntarily with understanding of the nature of the charge." [9] Although no prescribed ritual was required for acceptance of a guilty plea in 1973, it was essential that the record adequately establish the defendant's understanding of the crime to which the plea was entered. *People v. Muniz, supra; People v. Mason, Jr., supra; People v. Randolph, supra.*

The present version of Crim.P. 11, which became effective on April 1, 1974, governs the defendant's 1975 plea. This rule provides, in pertinent part, that the court shall not accept a guilty plea "without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2)" [10] and that he "understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea." [11] This terminology is

**9.** The 1973 version of Crim.P. 11(a) provided in full as follows:

"A defendant personally or by counsel orally may plead guilty, not guilty, or, with the consent of the court, nolo contendere. The court shall not accept the plea of guilty without first:

"(1) Determining that the plea is made voluntarily with understanding of the nature of the charge, and

"(2) Explaining fully to the defendant his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged."

**10.** Crim.P. 5(a)(2) provides as follows:

"At the first appearance of the defendant in court, it is the duty of the judge to inform the accused of and make certain that he understands the following:

(I) He need make no statement and any statement made can and may be used against him;

(II) He has a right to counsel;

(III) If he is an indigent person, he has the right to request the appointment of counsel or consult with the public defender before any further proceedings are held;

(IV) Any plea he makes must be voluntary on his part and not the result of undue influence or coercion on the part of anyone;

(V) He has the right to bail, if the offense is bailable, and the amount of bail that has been set by the court;

(VI) The nature of the charges against him;

(VII) He has the right to a jury trial;

(VIII) He has the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged was committed by the defendant."

**11.** Crim.P. 11(b) provides in full as follows:

"The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2) and also determining:

(1) That the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea;

(2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;

(3) That he understands the right to trial by jury and that he waives his right to trial by jury on all issues;

(4) That he understands the possible penalty or penalties;

(5) That the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report, if any;

(6) That there is a factual basis for the plea. If the plea is entered as a result of a

designed to make more specific those matters which the court should communicate to the defendant before a guilty plea is accepted.

## A.

▉ Turning first to the defendant's 1973 guilty plea to conspiracy to commit burglary, the transcript of the providency hearing discloses that the plea was the result of a plea agreement involving the dismissal of a more serious charge of second degree burglary of a building. At the arraignment the defendant was represented by counsel. Initially, the court read the charge to the defendant, and also explained that the alleged conspiracy was directed to the burglary of a certain building. The defendant stated that he understood the charge and acknowledged that by pleading guilty he was thereby admitting that he did in fact conspire to commit the burglary. The court thereafter engaged in the following colloquy with the defendant:

"THE COURT: May I inquire, Mr. Leonard, ... whether, in fact, there was some agreement, conspiracy or cooperation between you and another person to commit this burglary?

"THE DEFENDANT: Yes.

"THE COURT: And that occurred between May 13 and May 15; is that correct?

"THE DEFENDANT: Yes, I think so.

"THE COURT: The burglary we're talking about is the one involving Walt Flanagan and Company at 401 West Warren?

"MR. BUCKLEY [Deputy District Attorney]: I think it might be better [to explain] Your Honor, that this case involves the theft of 22 station phones, master phones, from the company.

"THE COURT: Wasn't there a chain, also?

"MR. BUCKLEY: And a log chain that was found in the Defendant's apartment two days after the burglary.

"THE COURT: All right, Mr. Leonard, I want to again make very clear that you know what we're talking about.

"The charge of conspiracy relates to the charge of taking 22 phones and a log chain from Walt Flanagan and Company.

"THE DEFENDANT: Yes.

"THE COURT: And you do understand that?

"THE DEFENDANT: Yes.

"THE COURT: And you are, in fact, stating that there was some basis for the Court accepting this plea to conspiracy in that you did agree and conspire and cooperate with someone else relative to the taking of these items?

"THE DEFENDANT: Yes."

After informing the defendant of his constitutional rights and the potential penalties for the crime of conspiracy to commit burglary, the court determined that the plea was voluntarily and understandingly made and accepted it.

While the crime of conspiracy to commit burglary is not the type of offense readily understandable from a mere reading of the information without further explanation of its elements,[12] *People v. Muniz, supra,* the transcript here shows that the court did not limit itself to a mere ritualistic reading of the information. On the contrary, the court directed specific questions to the defendant in order to assure itself that the defendant understood both the elements of the crime and its underlying facts. The

plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads;

(7) That in class 1 felonies, or where the plea of guilty is to a lesser included offense, a written consent shall have been filed with the court by the district attorney."

12. The conspiracy charge to which Leonard pled included the following elements: (1) with the intent to promote or facilitate the commission of a crime; (2) agreeing with one or more persons that one or more of them would engage in conduct constituting either the crime of burglary or an attempt to do so; and (3) the commission of an overt act in pursuance of the conspiracy. Section 18–2–201, C.R.S.1973.

defendant, in turn, acknowledged his understanding of these matters in his unequivocal responses to the court. We are satisfied that the record of the providency hearing adequately demonstrates the defendant's understanding of the nature and elements of the crime of conspiracy to commit burglary when he pled guilty to it in 1973. The district court therefore erred in concluding that the constitutional validity of the guilty plea was not adequately established.

### B.

We next consider the defendant's 1975 guilty plea to attempt to commit theft. The transcript of this providency hearing indicates that the defendant was represented by counsel and that the plea was the result of a plea agreement involving the dismissal of three other counts. At the outset of the arraignment the court asked the defendant if he wanted the charge read to him, but the defendant declined the request because he was then in the process of reading it to himself. Thereafter, the Deputy District Attorney, at the direction of the court, reviewed with the defendant the essential elements and the factual basis of the charge. The court then addressed the defendant as follows:

"THE COURT: All right. Mr. Leonard, by tendering your plea of guilty to count number four, you are telling this Court ... as more fully set forth in the count itself, that on or about the 22nd day of December, 1974, at or near the location of 3800 South Julian Street, as the same is located in the City of Sheridan, County of Arapahoe, State of Colorado, you did attempt to commit the crime of theft by getting in and attempting to drive away one 1966 Chevrolet belonging to ... Linda L. Reifschneider, knowing the same did not belong to you,

with the intent to deprive her, the owner, the true owner thereof, of the said vehicle, permanently. If in the event you completed the act ..., the substantial step was indeed getting in the automobile and attempting to drive it away; is that correct, sir?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have any questions? Do you want to ask your attorney or the Court or the District Attorney about the elements or the nature of the offense to which you are pleading guilty?

"THE DEFENDANT: No, sir."

Like the crime of conspiracy, a criminal attempt is not readily understandable to a person of ordinary intelligence without some further explanation by the court.[13] The transcript of the providency hearing, however, shows a sufficient explanation of the elements of the crime in terms readily understandable to the defendant. As such, the transcript satisfactorily demonstrates the defendant's understanding of the crime of attempt to commit theft and the critical elements of that offense. The district court erred in holding the 1975 felony conviction constitutionally defective.

The judgment dismissing the two habitual criminal counts is disapproved.

---

**13.** The elements of criminal attempt as that offense was defined in 1975 are set out at section 18–2–101, C.R.S.1973, which provides in pertinent part as follows:

"(1) A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he intentionally engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's intent to complete the commission of the offense."