**Daryl George HARSHFIELD,
Petitioner,**

v.

**The PEOPLE of the State of
Colorado, Respondent.**

**No. 83SC275.**

Supreme Court of Colorado,
En Banc.

March 25, 1985.

David F. Vela, State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for respondent.

KIRSHBAUM, Justice.

Defendant, Daryl George Harshfield, filed a motion pursuant to Crim.P. 35(c) to vacate a judgment of conviction entered upon his plea of guilty to the offense of breaking and entering a motor vehicle, in violation of section C.R.S.1963, 40–5–10(1).[1] Defendant asserted that at the time he entered the plea he did not understand the nature of the offense. The trial court denied defendant's motion, and the Court of Appeals affirmed. We granted certiorari to review the decision of the Court of Appeals, and now reverse.

The facts pertinent to the resolution of this issue are uncontroverted. On February 18, 1965, the People filed an information charging defendant with four offenses, including breaking and entering a motor vehicle.[2] On July 26, 1965, defendant entered a plea of guilty to the breaking and entering count and the remaining charges were dismissed. He was subsequently sentenced to a term of incarceration of five to ten years.

At the providency hearing conducted on July 26, 1965, defendant's counsel informed the trial court that defendant wished to enter a plea of guilty to "breaking and entering a motor vehicle." The following comments of the trial court, defendant and trial counsel constitute the balance of that hearing, insofar as is here pertinent:

THE COURT: Mr. Harshfield, you heard the statement made by your attorney, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that statement?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions concerning his statement?

THE DEFENDANT: No, sir.

THE COURT: Are you in complete agreement with his statement?

THE DEFENDANT: Yes, sir.

THE COURT: Before the Court accepts the plea of guilty to Count One of the information, Mr. Harshfield, which is breaking and entering a motor vehicle, it is my duty to inform you that you have the right to stand upon the original pleas that were entered and you could proceed to trial to the jury or to a court, and the People of the State of Colorado would be required to prove you guilty of each and every material fact of each charge beyond a reasonable doubt.

Do you understand those things, sir?

THE DEFENDANT: Yes, sir.

THE COURT: That upon entering a plea of guilty to the first count of the information, you could receive a sentence of not less than one year nor more than ten years in the State Penitentiary, or an indeterminate term in the State Reformatory, at the discretion of the Court.

Do you understand those things, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that, do you still persist in tendering to the Court a

---

1. C.R.S.1963, 40–5–10(1), provided:

    Every person who shall break and enter any motor vehicle, with the intent to commit the crime of larceny, shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one year nor more than ten years.

2. The additional alleged offenses included larceny from a motor vehicle, in violation of C.R.S. 1963, § 40–5–10(2); receiving stolen property, in violation of C.R.S.1963, § 40–5–11; and conspiracy to commit those offenses, in violation of C.R.S.1963, § 40–7–35.

plea of guilty to Count One of the information—

> THE DEFENDANT: Yes, sir.
>
> THE COURT: —which is breaking and entering a motor vehicle?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: The plea will be accepted and entered of record.
>
> [DEFENSE ATTORNEY]: We request the usual presentence investigation.
>
> THE COURT: Any desire to take formal testimony?
>
> [PROSECUTOR]: On behalf of the People, we waive the formal taking of evidence and allow the probation report to stand in lieu thereof in aggravation or mitigation.
>
> THE COURT: Is that agreeable?
>
> [DEFENSE ATTORNEY]: Yes.

On September 22, 1965, the trial court conducted a sentencing hearing. At that hearing, a presentence report was presented by the Probation Department of the Denver District Court and considered by the trial court. The presentence report contains the following statement attributed to defendant concerning the offense in question:

> During the first part of February 1965, I was having financial difficulties. I was unemployed and unable to support my family. As a result, I began to steal. I was driving by 1550 Lafayette on February 8, 1965, and noticed some radios in an automobile. I took those two radios. I tried to sell same through an electronics firm. The radios were recognized and as a result I was arrested. Prior to this I was involved in several auto prowls wherein merchandise was taken, that I sold. As a result of my activity I was filed on in two cases. I made a PR Bond. I was out on bond one week and was arrested in Westminster for Larceny From a Motor Vehicle. I am now being held in the Adams County Jail with arraignment set for August 12, 1965. I was arrested in March 1965 by Arapahoe County authorities and charged with Larceny From a Motor Vehicle in the case. I made a PR Bond. I have entered a Not Guilty Plea. This is set for Trial August 18, 1965.

While defendant had numerous other charges pending, the record of the sentencing hearing indicates that this proceeding was defendant's first felony conviction.

■ We have on numerous occasions articulated the standards applicable to constitutional challenges to guilty pleas. Due process of law requires such a plea to be made voluntarily and knowingly. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Leonard,* 673 P.2d 37 (Colo.1983); *People v. Roybal,* 618 P.2d 1121 (Colo.1980). A plea is neither voluntary nor knowing unless the defendant is advised of the " 'true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Henderson,* 426 U.S. at 645, 96 S.Ct. at 2257 (quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). To establish that this constitutional requirement has been satisfied, the record must show affirmatively that the defendant understood the critical elements of the crime to which a plea is tendered. *Watkins v. People,* 655 P.2d 834 (Colo.1982); *People v. Sanders,* 185 Colo. 356, 524 P.2d 299 (1974). *See* ABA Standards For Criminal Justice, *Pleas of Guilty,* Standard 14–1.4 (2d ed. 1980).

Recognizing the need for careful judicial assessment of a defendant's understanding of the nature of the charges filed against him at the time the plea is tendered, this court adopted Crim.P. 11 to govern such proceedings. At the time here in question, this rule contained the following pertinent provisions:

> A defendant personally or by counsel orally may plead guilty.... The court shall not accept a plea of guilty without first:
>
> (1) determining that the plea is made voluntarily with understanding of the nature of the charge, and

(2) explaining fully to the defendant his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged.[3]

In addressing challenges to the adequacy of a trial court's inquiry under this rule, we have noted that the record must contain an adequate basis to support a determination by the trial court, and subsequently by a reviewing court, that the defendant understood the nature of the charge to which he entered a guilty plea. *Wright v. People*, 690 P.2d 1257 (Colo.1984); *People v. Muniz*, 667 P.2d 1377 (Colo.1983). We have also recognized that the degree of explanation which must precede the acceptance of a guilty plea is dependent on the nature and complexity of the offense alleged and that no particular ritual need be followed in accepting a tendered plea of guilty. *Muniz*, 667 P.2d 1377.

The record of defendant's July 26, 1965, providency hearing is wholly bereft of any explanation of the nature of the charge. The trial court did not read the information to defendant, and the only description of the offense contained in Count One of the information is a reference to the offense of "breaking and entering a motor vehicle." At the time, the offense of breaking and entering a motor vehicle required the perpetrator to possess the specific intent to commit the crime of larceny.[4] The record contains no discussion of any *mens rea* element necessary to sustain the felony charged by the statute; to the contrary, the advising court's comments imply that no culpable mental state was required to commit the offense.

The trial court and the Court of Appeals recognized that the advisement was wholly lacking at the time the plea was accepted. Both, however, indicate that the statement attributed to defendant in the presentence report filed at the time of the sentencing hearing suffices to establish defendant's understanding of the nature of the offense. We disagree for two reasons. In the first place, at the time in question Crim.P. 11 expressly prohibited a trial court from accepting a plea of guilty if the defendant did not understand the nature of the offense. Thus, the time at which a defendant's knowledge about an offense becomes critical is necessarily that period of time during which the guilty plea is proffered and accepted. Thus, even assuming that, for purposes of ascertaining a defendant's knowledge of the nature of an offense at the time the defendant tenders a guilty plea to that offense, conduct before or after the providency hearing may be considered part of the record subject to review, defendant's subsequent statement here does not indicate what his understanding of the nature of the offense of breaking and entering a motor vehicle with intent to commit larceny might have been on July 25, 1965.[5]

■ In addition, defendant's later statement, while establishing a factual basis for the offense charged, does not indicate that defendant at any time understood or was even informed that intentional conduct constituted a necessary ingredient of the offense. The statement merely acknowledges that defendant removed some radios from an automobile on the date in question.

3. The United States Supreme Court held in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a guilty plea must be made understandingly and voluntarily under the due process clause of the United States Constitution. This court has determined that *Boykin* should not be applied retroactively. *See People v. Alvarez*, 181 Colo. 213, 508 P.2d 1267 (1973); *Ward v. People*, 172 Colo. 244, 472 P.2d 673 (1970).

4. C.R.S.1963, § 40-5-2(1), provided:
    Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the

personal goods or chattels of another. Larceny shall embrace every theft which deprives another of his money or other personal property, or those means or muniments by which the right and title to property, real or personal, may be ascertained. Larceny may also be committed by feloniously taking and carrying away any bond, bill, note, receipt, or any instrument of writing of value to the owner.

5. The preparation of the presentence report in this case was not ordered until after defendant's plea had been accepted.

It does not refer directly or indirectly to any state of mind. Thus the presentence report, even if relevant to the issue of defendant's understanding of the nature of the offense when he tendered his guilty plea, does not establish that defendant ever understood the nature of the crime to which he entered a plea of guilty. The basic distinction between crimes involving intent and crimes requiring only a voluntary act cannot be dismissed as inconsequential in assessing whether a plea of guilty was entered knowingly. *Cf. People v. Rostad,* 669 P.2d 126 (Colo.1983).

■ For the above reasons, we conclude that the record does not support the conclusion that defendant understood the nature of the offense of breaking and entering a motor vehicle with intent to commit larceny when he entered his plea of guilty to that offense on July 26, 1965. Therefore, the trial court erred in denying defendant's Crim.P. 35(c) motion to vacate the judgment of conviction based upon that plea.

The judgment of the Court of Appeals is reversed, and the cause is remanded with directions to remand to the trial court for proceedings consistent with this opinion.

ERICKSON, Chief Justice, dissenting.

I respectfully dissent.

We have held that the record must contain an adequate basis to support a determination by the court that the defendant understood the nature of the charge to which he pled guilty. *Wright v. People,* 690 P.2d 1257 (Colo.1984). However, the concern of this court on review must be with realities, and not with semantics or ritual. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973). In my view, the record in this case demonstrates that the plea of guilty was entered by the defendant voluntarily and with an understanding of the essential elements of the charge.

The guilty plea in this case was entered pursuant to a plea agreement, and was followed by the dismissal of several charges against the defendant. Although the district court did not read the informa-tion to the defendant at the providency hearing, it is significant that the defendant was represented by counsel at the hearing. Counsel discussed the charges and the plea agreement with the defendant before the plea was entered. *See Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976); *People v. Edwards,* 186 Colo. 129, 526 P.2d 144, 145 (1974).

The pre-sentence report prepared by the probation department provides a factual basis for the guilty plea, *Canino,* 181 Colo. at 212, 508 P.2d at 1275, and, in my view, is sufficient to demonstrate the defendant's understanding of the nature of the charge to which he pled guilty. The defendant's admission in the report that he attempted to sell several radios which he had removed from an automobile that did not belong to him, while not directly relating to his state of mind, establishes the defendant's understanding of the nature of the specific intent element required for breaking and entering of an automobile. *See* C.R.S.1963, §§ 40-5-10(1) & 40-5-2(1); *see e.g., People v. Hodges,* 624 P.2d 1308 (Colo.1981) (specific intent may be inferred from surrounding circumstances).

The fact that the pre-sentence report was prepared after the defendant's plea was accepted is, in my view, of no consequence. There is no reason to believe that the defendant's understanding of the nature of the charge was any different or less complete between the time he entered his plea and the time he provided his statement to the probation department. I therefore perceive no principled basis for holding that the defendant's admissions in the report are not relevant to the determination of the defendant's understanding of the offense at the time of the providency hearing.

I would conclude that the guilty plea entered by the defendant at the providency hearing in 1965 was valid, and that the district court properly denied the Crim.P. 35 motion to vacate the judgment of conviction.

I am authorized to say that ROVIRA, J., joins me in this dissent.