The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Barney TRUJILLO, Defendant-Appellee.

No. 85SA351.

Supreme Court of Colorado.

Dec. 22, 1986.

Rehearing Denied Jan. 20, 1987.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colo. State Public Defender, Barbara S. Blackman, Chief Appellate Deputy, Denver, for defendant-appellee.

ERICKSON, Justice.

Pursuant to section 16–12–102(1), 8A C.R.S. (1986), the prosecution appeals the trial court's dismissal of two habitual criminal counts against defendant Barney A. Trujillo. The trial court concluded that Trujillo's previous felony convictions were based on pleas of guilty that were not obtained in compliance with the requirements of Crim.P. 11. We disapprove of the

trial court's dismissal of the habitual criminal charges.[1]

## I.

The two habitual criminal counts in issue resulted from Trujillo's guilty pleas to two counts of aggravated robbery in 1975. The trial judge dismissed the habitual criminal charges because Trujillo was not advised of the *mens rea* requirement for aggravated robbery at the providency hearing in accordance with Crim.P. 11. The trial judge found that the guilty pleas were invalid and could not be used to support the habitual criminal charges. *See* § 16–13–101, 8A C.R.S. (1986).

The record of the 1975 providency hearing was admitted as evidence to establish the validity of the defendant's conviction and to support the habitual criminal charges. When the guilty pleas were entered, Trujillo was represented by two attorneys. The defendant entered into a plea agreement and pleaded guilty to two aggravated robbery charges. Five other felony charges were dismissed in accordance with the plea agreement. The information charged, *inter alia*, that Trujillo acted "unlawfully and feloniously" in committing the aggravated robberies. The trial judge read the information to Trujillo [2] and asked Trujillo to describe the commission of both robberies. Trujillo told the trial judge in detail in a narrative statement about both robberies and acknowledged that he understood the factual basis for the aggravated robbery charges. Trujillo was then advised of the possible punishment for each charge, and of the prosecution's burden to prove each element of the offense beyond a reasonable doubt. The trial judge then accepted the defendant's guilty plea to both counts of aggravated robbery.

## II.

■ The providency hearing is intended to provide a basis for determining whether a guilty plea was entered by a defendant voluntarily and knowingly, after a full advisement as to the elements of the offense and the nature and cause of the accusation. *See Wilson v. People*, 708 P.2d 792 (Colo.

**1.** The record reveals that the trial court dismissed the habitual criminal counts five days after the jury was sworn. Jeopardy therefore had attached when the counts were dismissed. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981). The dismissal of habitual criminal counts after jeopardy attaches on the substantive charges prohibits a retrial of the defendant on the habitual criminal counts in this proceeding. *See People v. Leonard*, 673 P.2d 37, 38 n. 7 (Colo.1983). Appellate review is limited to approval or disapproval of the judgment. *See* section 16–12–102(1), 8A C.R.S. (1986) (section permitting prosecution's appeal from any question of law in criminal case does not circumvent constitutional protection against double jeopardy).

**2.** The following colloquy occurred when the trial judge read the information to Trujillo:

Q (by the court): I want to read those counts to you to make sure you know exactly what you are pleading to.

Now, this is the case in which Mr. Young represents you. It says on the 11th day of February, 1975, in the City and County of Pueblo and State of Colorado, Bernie [sic] A. Trujillo did *unlawfully and feloniously* take a thing of value, to-wit: U.S. currency from the person and presence of Charles Proffer, the victim, and by the use of force and threats and intimidation, and that the Defendant and a confederate, during the act and immediate flight therefrom and by use of force, threats and intimidation with a deadly weapon, to-wit: a sawed-off shotgun, put the said victim and any other person in reasonable fear of death and bodily injury.

Now, do you understand that charge?

A (by the defendant): Yes, I do.

Q: And the other charge states that on January 23rd, 1975, in the City and County of Pueblo and State of Colorado, Barnie [sic] A. Trujillo, also known as Bernie [sic] A. Trujillo, did *unlawfully and feloniously* take a thing of value, to-wit: U.S. currency of the 7–11 store, Number 58, Sutherland [sic] Corporation, from the person and presence of Norman E. Simpson, the victim, by the use of force, threats and intimidation, and that the Defendant and a confederate during the act and immediate flight therefrom and by the use of force, threats and intimidation with a deadly weapon, to-wit: a sawed-off shotgun, put the said victim and other person in reasonable fear of death and bodily injury.

Now, do you understand the nature of that charge?

A: Yes, I do.

(Emphasis added.)

1985); *People v. Leonard,* 673 P.2d 37 (Colo.1983). *See also Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Crim.P. 11, as it existed in 1975, specifies the procedures for the acceptance of valid guilty pleas at the providency hearing that is now in issue. *See Wilson v. People,* 708 P.2d at 796, n. 5; *People v. Leonard,* 673 P.2d at 40. In 1975, rule 11 required the court to determine that the "defendant understands the nature of the charge *and the elements of the offense* to which he is pleading." Crim.P. 11(b)(1) (emphasis added).[3]

While Crim.P. 11 required the judge to advise Trujillo of the elements of aggravated robbery, the statute defining the offense, section 18–4–302, 8 C.R.S. (1973), omitted any mention of a culpable mental state.[4] The statutory definitions of robbery and aggravated robbery were amended in 1977 to require proof of knowing conduct. *See* Ch. 224, secs. 22 & 23, §§ 18–4–301, 18–4–302, 1977 Colo.Sess. Laws 959, 963. In *People v. Smith,* 620 P.2d 232 (Colo.1980), we stated that "crimes such as robbery and aggravated robbery which have a historical background in the common law must be construed to require a *mens rea* element." *Id.* at 238 (citation omitted). In *Smith,* we held that the culpable mental state of knowingly was implied in the statutory offense of aggravated robbery before the effective date of the 1977 amendments. *Id.*

Trujillo asserts that, under *Smith,* the mental state of knowingly was implicit in the statutory definition of aggravated robbery and should have been included in his advisement at the providency hearing as an element of the offense. Trujillo argues that the trial court's failure to advise him of a then undefined element of the crime invalidates his guilty pleas. We disagree.

 Reading the information to a defendant at a providency hearing is an acceptable method of advising the defendant of the nature of the offense charged if the offense is relatively simple, such as those crimes "which do not include elements so technical in nature as to be beyond the understanding of persons of normal intelligence...." *Wilson v. People,* 708 P.2d 792, 796 (Colo.1985). *See also People v. Muniz,* 667 P.2d 1377, 1382–83 (Colo.1983). The offense of aggravated robbery is relatively simple and is readily understandable to persons of ordinary intelligence. *See, e.g., Wright v. People,* 690 P.2d 1257 (Colo. 1984); *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974). The information that was read at the providency hearing charged that Trujillo acted "unlawfully and feloniously" in committing the robberies. The word "feloniously" in an information is equivalent to "knowingly," and sufficiently apprises the defendant of that element of the crime when read at a providency hearing. *See Wilson v. People,* 708 P.2d at 797. Thus, under *Wilson,* Trujillo was adequately advised of the critical elements of the offense of aggravated robbery, as required by Crim.P. 11(b)(1).

---

**3.** Prior to 1974, Crim.P. 11 only required the court, before accepting a plea of guilty, to advise the defendant of the nature of the charges against him. The rule was amended in 1974 to read: "The court shall not accept a plea of guilty ... without first ... determining: (1) That the defendant understands the nature of the charge *and the elements of the offense* to which he is pleading...." Crim.P. 11(b)(1) (emphasis added).

**4.** At the time of Trujillo's 1975 providency hearing, the offense of robbery was committed when a person "takes anything of value from the person or presence of another by the use of force,

threats, or intimidation...." Section 18–4–301(1), 8 C.R.S. (1973). The statutory definition of robbery thus lacked a specified *mens rea* element. The crime of aggravated robbery was committed by "[a] *person who commits robbery* ... if during the act of robbery or immediate flight therefrom: (1) He is armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person...." Section 18–4–302(1)(a), 8 C.R.S. (1973) (emphasis added). The 1975 offense of aggravated robbery, predicated as it was on the crime of simple robbery, also lacked a specified *mens rea* element.

Trujillo seeks to distinguish *Wilson* by noting that it was decided under the pre–1974 version of Crim.P. 11, which required only that the defendant be advised of the nature of the crime. Trujillo claims that the term "feloniously" may adequately apprise the defendant of the nature of the crime, but it is insufficient to advise a defendant of the nature and elements of the crime, as required by Crim.P. 11 in 1975.

We agree that it would have been preferable for the trial judge to use the word "knowingly." However, the trial judge, at the time Trujillo's pleas were accepted, did not have the benefit of the 1977 amendments to the aggravated robbery statute or our holding in *Smith*, both of which made the general intent element of aggravated robbery explicit. Under these circumstances, we will not invalidate a counselled plea of guilty, which was voluntarily made, simply because the providency hearing judge used the term "feloniously" rather than the word "knowingly." Trujillo was advised of the elements of aggravated robbery as they existed in 1975, and the term "feloniously" sufficiently apprised the defendant of the *mens rea* element of the crime.

On the basis of this record, we conclude that the judge at the 1975 providency hearing correctly found that Trujillo's guilty pleas were intelligently and voluntarily made. The 1985 habitual criminal charges, based as they were on valid pleas of guilty, were erroneously dismissed.

Judgment disapproved.