The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Glenn E. JONES, Defendant–Appellant.

No. 88CA0565.

Colorado Court of Appeals,
Div. II.

Aug. 24, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied Jan. 16, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Sally S. Townshend, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Glenn E. Jones, appeals the judgment entered upon a jury verdict finding him guilty of attempted first-degree murder, first-degree assault, second-degree assault, first-degree burglary, conspiracy to commit an aggravated robbery, and two counts of aggravated robbery. Defendant also appeals his adjudication as an habitual criminal. We affirm.

This case arises from the Denver prosecution of defendant and two other persons for an incident that occurred in Denver, which was part of an alleged crime spree involving numerous robberies and assaults in both Aurora and Denver.

Defendant and two alleged accomplices were arrested by Aurora police on February 19, 1987, in connection with an Aurora robbery and assault. A Denver detective, who had been investigating a series of Denver robberies and assaults, obtained an order, pursuant to Crim.P. 41.1, for the nontestimonial (line-up) identification of the three persons arrested in Aurora.

At the line-up, a Denver victim positively identified defendant as the person who hit her in the head and who shot another victim. After the line-up, the Denver detective advised defendant of his *Miranda* rights and asked him if he wished to make a statement. Defendant waived his *Miranda* rights and made a statement implicating himself and the other two persons in all of the robberies being investigated by the Denver detective.

## I.

■ Defendant contends that the trial court erred in denying his motion to suppress the statement he made to the Denver detective after the line-up. He maintains that since the interrogation exceeded the scope of the Crim.P. 41.1 order, his Fourth Amendment rights had been violated. We do not agree.

In *People v. Harris,* 762 P.2d 651 (Colo. 1988), the court held that a police officer executing a Crim.P. 41.1 order is not authorized to interrogate a suspect who is in custody upon less than probable cause. Here, before the line-up, the police had probable cause to believe only that defen-

dant had committed the Aurora offense. After the line-up, however, the Denver detective had probable cause to believe that defendant had also committed the Denver offenses. Thus, unlike the police officer in *Harris,* the detective here knew the results of the line-up and had probable cause to arrest defendant at the time he initiated the interrogation. Under these circumstances, defendant's Fourth Amendment rights were not violated.

## II.

■ Defendant next contends that his interrogation by the Denver detective after the line-up violated his Sixth Amendment right to counsel. Again, we disagree.

The case against defendant in Denver was still in the investigatory stage at the time of his interrogation. Thus, since no formal charges had been filed in Denver, no Sixth Amendment right to counsel had yet attached. *See People v. Hyun Soo Son,* 723 P.2d 1337 (Colo.1986) (fn. 4).

## III.

Relative to his adjudication as an habitual criminal, defendant maintains that the trial court erred in denying his motion to suppress evidence of his three prior burglary convictions. We disagree.

■ Defendant first argues that the prior guilty pleas were unconstitutionally obtained because, before the pleas were accepted, he was not advised of his right to counsel. However, since the defendant was represented by counsel at the providency hearings, we find no such advisement was necessary. *See People v. Derrera,* 667 P.2d 1363 (Colo.1983).

We also disagree with defendant's argument that his prior convictions were unconstitutionally obtained because the trial court did not adequately explain the elements of each offense.

■ To establish the constitutional requirement of voluntariness of a plea, the record as a whole must affirmatively demonstrate that the defendant understood the critical elements of the crime to which the plea was tendered. *People v. Wade,* 708 P.2d 1366 (Colo.1985). The degree of explanation required depends on the nature

and complexity of the crime, and no particular litany need be followed. *Harshfield v. People*, 697 P.2d 391 (Colo.1985).

Here, the record shows that the court read to the defendant each of the 1981 charges of second degree burglary with intent to commit theft. In addition, the court explained that the unlawful entry had to be accompanied by the intent to commit theft by exercising non-consensual control over property of another intending to deprive the owner of its use. We are thus satisfied that the court properly determined that defendant understood the offense of second degree burglary when he entered his 1981 pleas to two second degree burglary charges.

Similarly, the record reflects that in the 1980 providency proceeding, the court also read to the defendant the charge of second degree burglary with intent to commit assault. During the proceeding, prior to the acceptance of defendant's plea, the court explained that the People would be required to prove that he specifically intended to commit assault when he broke into the victim's dwelling. In addition, the court asked the prosecution to present a factual basis supporting the burglary charge before accepting the plea. The factual basis offered *and expressly acknowledged by defendant* indicated that he had "kicked in the front door [of the victim's residence] and started to beat her, causing injuries to her cheek and mouth." Given these circumstances, the record adequately demonstrates that the plea was knowingly and voluntarily entered in the 1980 proceeding.

We find no merit in defendant's argument that the court's failure to advise him that he could be sentenced to community corrections rendered his plea involuntary. *See Wilson v. People*, 708 P.2d 792 (Colo. 1985).

Judgment affirmed.

SMITH and PLANK, JJ., concur.