The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Barbara L. CARPENTER,** Defendant–Appellant.

No. 93CA1516.

Colorado Court of Appeals, Div. II.

Oct. 6, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph Saint–Veltri, David J. Akerson, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Barbara L. Carpenter, appeals the order of restitution imposed by the trial court following her guilty plea to the charge of preparing a false tax return. We affirm.

Defendant was originally charged with felony theft, embezzlement, and three counts of preparing a false tax return, all stemming from her work in the Park County Clerk and Recorder's Office. Pursuant to a plea agreement, defendant entered a guilty plea to one count of preparing a false tax return, the remaining charges were dismissed, and the defendant agreed to pay full restitution to Park County in an amount to be determined by the court.

At the restitution hearing, the court determined that the People had established by a preponderance of the evidence that defendant owed $15,970.02 in restitution.

The trial court stated that it was not satisfied beyond a reasonable doubt nor was the evidence offered in support of restitution adequate if the burden of proof was clear and convincing evidence. The trial court went on to state that it was convinced by a preponderance of the evidence as to the amount of restitution and as to a causal connection between defendant's criminal conduct and the losses sustained, and entered the order at issue here. The defendant maintains that the correct standard is, at a minimum, clear and convincing evidence but perhaps should be proof beyond a reasonable doubt. We disagree and affirm the trial court's order.

Restitution is an aspect of sentencing and is governed by statute. Section 16–11–101, et seq., C.R.S. (1986 Repl.Vol. 8A). Section 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A) establishes restitution as a required condition of probation. It provides as follows:

(1) As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim, the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations.

An order of restitution is not an aspect of that portion of the criminal proceeding which determines guilt. We conclude that the rules governing the imposition of sentence necessarily apply to orders of restitution.

■ In determining the amount of restitution owing by a defendant, the trial court is required to consult the probation and presentence reports, consider any other evidence presented by the parties with respect to damages, and consider the defendant's present and future financial circumstances and family obligations. *People v. Quinonez*, 735 P.2d 159 (Colo.1987). The presentence report must include a victim impact statement which, in turn, may include an identification of the victim and an itemization of economic loss suffered by the victim as a result of the offense. Section 16–11–102, C.R.S. (1986 Repl.Vol. 8A).

■ The presentence report may be a sufficient basis for determining restitution so long as the defendant is accorded an opportunity to challenge it. *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980).

In the event that the defendant fails to make the ordered restitution payments, the defendant is to be returned to the sentencing court for review of the case and subsequent action. Section 16–11–204.5(2), C.R.S. (1986 Repl.Vol. 8A).

■ For purposes of review of an order to pay restitution, our case law establishes that proof that the defendant's conduct caused the victim's loss need simply exist to that degree which would support the court's restitution order. *See People v. Wheatley*, 805 P.2d 1148 (Colo.App.1990); *People v. Engel*, 746 P.2d 60 (Colo.App.1987); *People v. Jones*, 701 P.2d 868 (Colo.App.1984).

Our supreme court has made it clear that more than mere speculation is required in order for a defendant to be ordered to bear responsibility for the victim's loss and has ruled that a criminal conviction is not necessary to establish culpability, but it has left open the question of what showing short of a criminal conviction is required to establish the defendant's culpability before restitution is ordered. *Cumhuriyet, supra.*

■ Restitution is not limited to the losses sustained as a result of the offense for which the defendant is convicted but is normally limited to the losses sustained by the victim named. *People v. Borquez*, 814 P.2d 382 (Colo.1991); *People v. Quinonez, supra.*

Here, the defendant agreed to pay full restitution to Park County even though it was not the victim of the offense to which the plea of guilty was entered.

The General Assembly has established the burden of proof applicable to many proceedings, but has not seen fit to speak to the issue before us. *See* § 13–25–127, C.R.S. (1987 Repl.Vol. 6A) (civil cases); § 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A) (probation revocation); and § 18–1–402, C.R.S. (1986 Repl.Vol. 8B) (criminal proceedings). We note that proof beyond a reasonable doubt is required in sentencing with respect to establishing aggravating circumstances in death penalty cases. Section 16–11–103(1)(d), C.R.S. (1994 Cum.Supp.). The requirement of proof beyond a reasonable doubt in those civil proceedings in which exemplary damages are sought is, in our opinion, of no assistance because in a criminal prosecution culpability has already been admitted or proven to that standard prior to sentencing. Section 13–25–127(2), C.R.S. (1987 Repl.Vol. 6A).

Defendant has not cited, nor are we aware of, any cases from other jurisdictions establishing a burden of persuasion higher than preponderance of the evidence with respect to restitution in criminal proceedings.

■ We conclude that a preponderance of the evidence is a sufficient and proper burden of persuasion in proceedings to establish restitution in criminal cases. This is the burden required under federal law to establish both the causal connection between the offense and the loss and the amount of the loss. 18 U.S.C. § 3664(d) (1988); *see United States v. Diamond*, 969 F.2d 961 (10th Cir. 1992). We see no reason why the burden in our courts should be higher. Preponderance is the burden of persuasion in probation revocation proceedings except when the grounds for the revocation is the commission of a crime. Section 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A). Further, restitution in a criminal proceeding is in lieu of, or in addition to, a civil judgment, and we see no reason why the burden of persuasion should be any high-

er here than there. *See* § 13–25–127(1), C.R.S. (1987 Repl.Vol. 6A).

The order is affirmed.

PLANK and HUME, JJ., concur.