23CA1592 Peo v Jones 12-05-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1592
City and County of Denver District Court No. 87CR201401
Honorable Jennifer B. Torrington, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Glenn E. Jones,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 5, 2024

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Glenn E. Jones, Pro Se

¶ 1     Glenn E. Jones appeals the postconviction court's order resolving his Crim. P. 35(a) motion by amending the mittimus to clarify that no restitution was owed.  We discharge a pending order to show cause and affirm the postconviction court's order.

## I.     Background

¶ 2     In 1988, Jones was convicted of numerous substantive offenses, adjudicated a habitual criminal, and sentenced to life in the custody of the Department of Corrections.  There is no indication in the record before us that the prosecution requested any restitution or that the trial court ever addressed the issue of restitution.

¶ 3     On direct appeal, a division of this court affirmed the judgment.  *See People v. Jones*, 786 P.2d 481 (Colo. App. 1989).

¶ 4     In 2003, Jones filed an unsuccessful Crim. P. 35(c) motion for postconviction relief.  *See People v. Jones*, (Colo. App. No. 03CA1612, July 1, 2004) (not published pursuant to C.A.R. 35(f)).

¶ 5     In 2023 — thirty-five years after sentencing — Jones filed the Crim. P. 35(a) motion at issue claiming that his sentence is illegal because the trial court did not consider or address restitution at the time of sentencing for his triggering offenses or his predicate

1

convictions underlying the habitual criminal adjudication. He claimed that, as a result, "his habitual criminal adjudication must be vacated."

¶ 6     The postconviction court resolved Jones's motion without appointing counsel or holding a hearing. The court agreed that Jones's sentence was illegal because the trial court never specifically addressed restitution. However, the court denied Jones's request for relief, instead ruling that the appropriate remedy was to amend the mittimus to reflect that no restitution was owed. The court amended the mittimus accordingly.

¶ 7     Jones timely filed a notice of appeal. However, after he failed to timely file an opening brief, this court issued an order to show cause why the appeal should not be dismissed. Jones filed a response, which this court deferred ruling on, but the court also gave Jones a new deadline to file his opening brief. Jones filed his opening brief by that deadline, *see* C.A.R. 25(b), and the appeal is now fully briefed.

¶ 8     We discharge the order to show cause and consider Jones's appeal.

## II.     Standard of Review

¶ 9     We review the legality of a sentence de novo.  *See Magana v. People*, 2022 CO 25, ¶ 33; *People v. Weeks*, 2021 CO 75, ¶ 24.

## III.     Analysis

### A.     Illegal Sentence

¶ 10     As an initial matter, we note that Jones relies on the current version of the restitution statute in asserting that every order of conviction must include at least one of the four types of restitution orders listed in section 18-1.3-603(1)(a)-(d), C.R.S. 2024.  However, Jones's judgment of conviction and sentence was entered in 1988, and at that time, a different statutory scheme governed what was required of district courts in terms of restitution.  As pertinent here, it is not clear that the older statutory scheme, or the case law interpreting it, required district courts to include any notation regarding restitution on the mittimus if no restitution was being ordered.  *See* § 16-11-102(4), C.R.S. 1988 ("[T]he amount of restitution shall be fixed by the court at the time of sentencing and shall be endorsed upon the mittimus."); *People v. Johnson*, 780 P.2d 504, 506 (Colo. 1989) ("[I]n all cases in which a convicted defendant's criminal conduct *causes pecuniary damages to a victim,*

3

the sentencing court is obliged to order the defendant to pay restitution . . . and to fix the amount of such restitution as part of the judgment, whether the sentence be to probation or to a term of incarceration.") (emphasis added).

¶ 11    Nevertheless, we will assume, without deciding, that Jones's sentence was illegal because the trial court did not address restitution at sentencing and did not include any notation regarding restitution on the mittimus.

¶ 12    Under the older statutory scheme applicable here, "[i]n determining the amount of restitution owing by a defendant, [a district court was] required to consult the probation and presentence reports, consider any other evidence presented by the parties with respect to damages, and consider the defendant's present and future financial circumstances and family obligations." *People v. Carpenter*, 885 P.2d 334, 336 (Colo. App. 1994). And a presentence investigation report (PSIR) had to "include a victim impact statement which, in turn, may include an identification of the victim and an itemization of economic loss suffered by the victim as a result of the offense." *Id.*

¶ 13      The postconviction court's order denying Jones's Crim. P. 35(a) motion relied on a PSIR containing a short section pertaining to restitution, which noted that "the victims are not claiming any restitution." However, our review of the record indicates that was the PSIR for a *different* district court case (Arapahoe County District Court case number 87CR208).

¶ 14      The record reflects that the PSIR for *this* case (City and County of Denver District Court case number 87CR201401) did not address restitution. Also, the victim impact statement attached to the PSIR for this case did not contain any specific information about the amount of any pecuniary loss suffered by the victims. And our review of the record indicates that the parties did not submit "any other evidence . . . with respect to damages" (such as a restitution motion with supporting exhibits). *Id.* So, the record reflects that the trial court did not have any basis upon which to order any amount of restitution.

¶ 15      Under these circumstances, we conclude that the postconviction court did not err in resolving Jones's Crim. P. 35(a) claim by amending the mittimus to reflect that no restitution was being ordered in this case. *See People v. Dunlap*, 222 P.3d 364, 368

5

(Colo. App. 2009) ("[A]n illegal sentence can be corrected at any time through amendment of the mittimus.").

## B. Habitual Criminal Adjudication

¶ 16 We reject Jones's claim that "his habitual criminal adjudication must be vacated" because restitution was also never considered or ordered in the prior criminal cases resulting in the predicate felony convictions underlying his habitual criminal adjudication in this case. Even if we were to accept the premise that the failure to address restitution in those prior criminal cases affected the legality of the *sentences* imposed, it does not follow that Jones's *convictions* would be invalid. *See id.* at 369 ("[A] claim that an illegal sentence has been imposed because of a failure to consider or fix restitution does not affect the finality of [the] judgment of conviction. . . . Crim. P. 35(a) deals with motions to correct illegal *sentences*. This portion of the rule allows a defendant only to challenge the legality of the sentence, not the conviction."). And a habitual criminal adjudication is based on the defendant's prior felony *convictions*, not the prior *sentences* on those convictions. *See generally* § 18-1.3-801, C.R.S. 2024.

¶ 17    For these reasons, we affirm the postconviction court's ruling that Jones was not entitled to the relief he sought on his Crim. P. 35(a) motion.

## IV.    Disposition

¶ 18    The order to show cause is discharged.  The postconviction court's order resolving Jones's Crim. P. 35(a) motion is affirmed.

JUDGE FREYRE and JUDGE GROVE concur.