## No. 26213

### The People of the State of Colorado v. Lilton Brown
(529 P.2d 1338)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Dan S. Hughes, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

Pursuant to a Crim. P. 35(b) hearing, the El Paso District court found defendant to have knowingly and voluntarily plead guilty to a second degree murder charge. We reverse.

## I.

On August 28, 1969, defendant was charged with the first-degree murder of his wife. He entered a plea of not guilty and not guilty by reason of insanity. The defendant was found competent to stand trial and also was found to be sane at the time the offense was committed. Thereafter, an amended information charging defendant with second-degree murder was filed. He was arraigned, and entered a plea of guilty to the reduced charge. An evidentiary hearing was held, and he was subsequently sentenced to 30 years to life in the state penitentiary.

More than two years after the plea was entered, defendant filed the Crim. P. 35(b) motion involved here in which he alleged that he did not understand the nature of and elements of the offense of second-degree murder, and that his plea therefore was not knowingly entered. The court denied his motion to vacate and set aside the judgment.

## II.

A guilty plea cannot stand as voluntarily and knowingly entered unless the defendant understands the nature of the crime charged. Under Crim. P. 11, the trial court is required to make an explanation to the defendant *before* he enters a plea. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);

*People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971).

■ The record of the Crim. P. 35(b) hearing is devoid of any evidence that defendant understood the nature of second-degree murder, including the intent involved. The only explanation of the charge to defendant was in the wording of the information, which the court did not even read to him. Furthermore, the court *admits* on the record that no explanation was given defendant of the elements of the charge, and there is no other indication that he received the requisite knowledge from other sources. In a very similar fact situation in *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972), we said:

"* * * This court has consistently held that prior to the acceptance of a guilty plea the trial court must be assured that the defendant is fully aware of the consequences of his act. *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650; *People v. Mason,* 176 Colo. 544, 491 P.2d 1383; *People v. Riney,* 176 Colo. 221, 489 P.2d 1304; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203.

"Further, we have held that this requirement is not met unless the critical elements of the crime charged are explained in terms which are understandable to the defendant and unless the meaning of a guilty plea is explained in relation to each of the elements. *People v. Colosacco, supra.* Here there was no explanation of the all important intent requirement."

■ Defendant had previously been involved in a competency hearing and a trial on the issue of his sanity at the time of the offense. The trial court was aware of the possible mental infirmities of the defendant, and should have made sure he *clearly* voluntarily and knowingly entered his guilty plea. When the lower court failed to exercise this degree of care, it failed to meet its duty and responsibility to this defendant.

Accordingly, we reverse the judgment and remand to the trial court with instructions to vacate the plea and reinstate the original information and rearraign the defendant.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.