No. C-1588

## The People of the State of Colorado v. Allen Carl Gorniak
(593 P.2d 349)

Decided March 26, 1979.                    Rehearing denied April 30, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Karen Hoffman Seymour, Assistant, for petitioner.

Lawrence M. Henry, for respondent.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The narrow issue presented in this appeal is whether, under the circumstances of this case, the trial judge was required to inform the defendant before accepting his guilty plea that his intoxication at the time he allegedly killed his father-in-law might be an affirmative defense to the charge. We hold that he was not so required.

On October 27, 1975, the defendant was charged with the first-degree murder of his father-in-law. He initially entered a plea of not guilty and not guilty by reason of insanity. The court ordered a psychiatric evaluation of the defendant. The resulting psychiatric report (filed with the court) opined that the defendant was sane and competent to stand trial, but "possibly acutely intoxicated with beer, marijuana, and other drugs" at the time of the crime.

Thereafter, as a result of plea negotiations, an amended information was filed charging the defendant with second-degree murder. The defendant entered a guilty plea to this reduced charge. Before accepting the plea, however, the trial judge conducted a providency hearing, as required by Crim. P. 11(b).[1]

---

[1] Rule 11(b) reads:

(b) Pleas of Guilty and Nolo Contendere. The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2) and also determining: (1) That the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea; (2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone; (3) That he understands the right to trial by jury and that he waives his right to trial by jury on all issues; (4) That he understands the possible penalty or penalties; (5) That the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report, if any; (6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads; . . .

At that hearing defendant's counsel stated that he had explained the reduced charge to the defendant. The trial judge then read the charge as contained in the amended information twice to the defendant. The second time, the judge explained the charge as follows:

"Now, if you were to go to trial on the charge of Murder in the Second Degree, a Class 2 felony, there are material elements of the charge that the District Attorney would have to prove beyond a reasonable doubt and they are as follows: That on October 21st, 1975, in Denver, Colorado, that Allen Carl Gorniak did unlawfully, feloniously and intentionally — *that is, with specific intent* — cause the death of Donald F. Blair, but this did not involve any deliberation." [Emphasis added.]

After questioning the defendant further in compliance with Rule 11, the court concluded that the defendant understood the material elements of second-degree murder and that his guilty plea was voluntarily and intelligently entered.

Subsequently, the defendant filed a Crim. P. 35(b) motion to vacate his plea of guilty. He claimed that at the time the guilty plea was entered, he did not understand that his intoxication at the time of the crime would be an affirmative defense to the specific intent element of second-degree murder.[2] The trial court denied the motion and the defendant appealed.

The court of appeals reversed the trial court. Relying on *People v. Brown,* 187 Colo. 244, 529 P.2d 1338 (1974), and *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972), it said that, while a trial judge is not obligated to advise a defendant of all possible affirmative defenses, this case warranted an explanation on defenses to specific intent because the judge was aware of the possible intoxication of the defendant at the time of the crime.[3] We do not agree.

■ The rule is clear in Colorado that a guilty plea cannot stand as voluntarily and knowingly entered unless the defendant understands the nature of the crime charged. *People v. Brown, supra.* This requirement is not met "unless the critical elements of the crime charged are explained in terms which are understandable to the defendant." *People v. Cumby, supra; People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972).

■ We think this requirement was met in this case. The charge here, as read by the judge to the defendant, adequately explained the crime. The second time the charge was read to the defendant, the judge included the

---

[2] The second-degree murder statute has recently been amended. *See* section 18-3-103, C.R.S. 1973 (1978 Repl. Vol. 8).
[3] It is well established in Colorado that voluntary intoxication is an affirmative defense to specific intent crimes. *See, e.g., People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977) and cases cited therein.

phrase "that is, with specific intent," to clarify the intent element. We think such terms are sufficiently understandable to a lay person. Unless the language of the charge is highly technical, *see People v. Cumby, supra,* "[n]o more full explanation of the substantive crime could be given than the charge itself." *People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974); *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974).

▪ Notably absent from the provisions of Rule 11 is any requirement that the trial judge explain to the defendant possible affirmative defenses to the crime charged. The rationale is that such advice is properly the role of counsel. We must abide by that judgment, especially where, as here, counsel testified at the Rule 11 hearing that he had fully advised the defendant in the matter.

*People v. Brown, supra,* relied upon by the court of appeals, is distinguishable from the case at bar in two significant ways. First, the judge in *Brown* did not read the charge to the defendant at all during the Rule 11 hearing. Thus, unlike the case here, there was no indication in *Brown* that the defendant was even aware of the elements of the crime. Here, however, the judge properly informed the defendant of the elements, and then he *repeated* the information to be sure the defendant understood the crime to which he had elected to plead guilty. As discussed *supra,* nothing more is required.

▪ Furthermore, there was no indication that the defendant in *Brown* received an explanation of the charge from any other source. In the case at bar, however, the defendant's counsel stated at the Rule 11 hearing that he had "explained to him his rights in this particular case as well as explained the count to him." In light of this testimony, the trial judge could properly assume that the defendant understood the consequences of his act. He had no duty to further educate the defendant as to possible defenses.

We hold therefore that the plea of guilty to second-degree murder was properly accepted. The judgment of the court of appeals is reversed.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.