The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael WALKER, Defendant-Appellant.

No. 79CA0870.

Colorado Court of Appeals, Div. III.

Aug. 6, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied Oct. 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Cynthia C. Cederberg, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant appeals his conviction after trial to the court of second degree assault on a peace officer under § 18–3–203(1)(f), C.R.S. 1973 (1978 Repl. Vol. 8). The only question before us is the interpretation to be given the statutory language requiring the violent application of physical force. The defendant contends that there was insufficient evidence of this element of the offense. We disagree and therefore affirm.

While defendant was incarcerated at the Colorado State Penitentiary, he threw a glass jar of paint at a prison guard who was walking past his cell. The jar struck the guard with sufficient force to cut his shirt and his skin. He suffered minor injuries.

Section 18–3–203(1)(f) provides in part:

"While lawfully confined or in custody, he violently applies physical force against the person of a peace officer . . . engaged in the performance of his duties or while lawfully confined or in custody as a result of being charged with or convicted of a crime, he violently applies physical force against a person engaged in the performance of his duties while employed by or under contract with a detention facility . . . and the person committing the offense knows or reasonably should know that the victim is a peace officer . . . engaged in the performance of his duties or a person engaged in the performance of his duties while employed by or under contract with a detention facility."

We disagree with the defendant's argument that the phrase "violently applies physical force," § 18–3–203(1)(f), C.R.S. 1973 (1978 Repl. Vol. 8), connotes a specific intent to inflict serious bodily injury. Section 18–3–203(1)(f) does not have the intent language which is set forth in the other portions of § 18–3–203(1). *See* § 18–1–503(1), C.R.S. 1973 (1978 Repl. Vol. 8). For example, subsection (1)(c), which also pertains to assaults on peace officers, states:

"With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person."

The other section of the criminal code which pertains to assaults on prison guards is § 18–3–202(1)(f), C.R.S. 1973 (1978 Repl. Vol. 8), a subsection of the first degree assault statute. To commit an offense under that statute, an inmate must threaten a guard with a deadly weapon "with intent to cause serious bodily injury." This section, then, also contains language of intent which is notably missing from § 18–3–203(1)(f).

The General Assembly may provide for special punishment for a physical attack on a prison guard. In the enactment of § 18–3–203(1)(f), it was the evident purpose of the General Assembly to provide additional protection to prison guards because they are in positions of great risk and re-sponsibility. *See People v. Prante*, 177 Colo. 243, 493 P.2d 1083 (1972).

Accordingly, the judgment is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.