The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Paul HART, Defendant-Appellant.

No. 82SA72.

Supreme Court of Colorado,
En Banc.

Feb. 7, 1983.

Rehearing Denied Feb. 28, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Deborah S. Waldbaum, Barbara Blackman, Deputy State Public Defenders, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, Paul Hart, appeals his conviction in the Larimer County district court for assault on a police officer, contending that the lack of a culpable mental state in section 18–3–203(1)(f), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.)[1] and the court's failure to instruct the jury on a culpable mental state deprived him of due

---

1. Section 18–3–203(1)(f) provides in pertinent part:

(1) A person commits the crime of assault in the second degree if:

. . . . .

(f) While lawfully confined or in custody, he violently applies physical force against the person of a peace officer or fireman engaged in the performance of his duties or while lawfully confined or in custody as a result of being charged with or convicted of a crime,

he violently applies physical force against a person engaged in the performance of his duties while employed by or under contract with a detention facility, as defined in section 18–3–203(3), and the person committing the offense knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his duties or a person engaged in the performance of his duties while employed by or under contract with a detention facility. . . .

process.[2] Because the requisite mental state may be implied from the statute and because the instructions which were given meet the test in *People v. Mattas,* 645 P.2d 254 (Colo.1982), we affirm the defendant's conviction.

The defendant was charged with two counts of second-degree assault on a police officer under section 18–3–203(1)(f) and section 18–3–203(1)(c), C.R.S.1973 (1978 Repl. Vol. 8)[3] for events arising out of a traffic stop in a residential area of Fort Collins on May 20, 1979. The police had to awaken Hart, a passenger in the car, in order to get him to produce his identification. Once aroused, Hart, who had been drinking heavily, was uncooperative, loud, and verbally abusive. The police placed him under protective custody arrest and took him to a holding cell. Hart became increasingly violent, biting one officer in the arm and kicking another in the shin. At trial, the defendant testified that he was very angry at being taken into custody and that both the kick and the bite were aimed at the officers in response to the arrest.

The district court gave the jury separate instructions detailing the elements of each of the two counts with which the defendant was charged. The jury was instructed that the elements of second-degree assault relevant to the charge under section 18–3–203(1)(f) were:

(1) While lawfully confined

(2) Violently applying physical force against a peace officer engaged in the performance of his duties, and

(3) Knowing or reasonably should know the victim is a peace officer engaged in the performance of his duties.

The court also separately advised the jury that a "culpable mental state is just as much an element of the crime as the act."[4] This instruction defined both "knowingly" and "specific intent," and linked the definition of specific intent to the charge under section 18–3–203(1)(c). The jury convicted the defendant on both counts, and the court sentenced him to concurrent terms of three to five years.

The defendant did not object to the lack of a specific culpable mental state in the statute or to the jury instructions at trial, nor did he raise either issue in his motion for a new trial. Thus, the flaws, if any,

---

**2.** This case was transferred here from the court of appeals under sections 13–4–110(1)(a) and 13–4–102(1)(b), C.R.S.1973.

**3.** Hart does not challenge his conviction for second degree assault under section 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8), which provides:

(1) A person commits the crime of assault in the second degree if:

. . . . .

(c) With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person; . . . .

**4.** The joint operation instruction read:

To constitute a crime there must be the joint operation of an act forbidden by law and a culpable mental state of the defendant. A culpable mental state means with specific intent and knowingly, as these terms are explained in this instruction.

The culpable mental state is just as much an element of the crime as the act. The culpable mental state must be proven beyond a reasonable doubt, as a matter of fact, either by direct or circumstantial evidence. The culpable mental state may be manifested by the circumstance connected with the perpetration of the offense and the sound mind and discretion of the defendant.

Commission of the act alone does not warrant the presumption that the defendant had the requisite culpable mental state.

A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts knowingly with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

Where a crime consists of an act combined with a specific intent, as does the crime of Assault in the Second Degree, in Count I, the specific intent is just as much an element of the crime as is the act. Specific intent is a state of mind voluntarily and wilfully to do or perform an act which will effect a certain result. Such an act must not be the result of accident or other innocent reason. The defendant's conscious object must be to cause a certain result. It is immaterial to the issue of specific intent whether or not the result actually occurred.

must amount to plain error in order to be raised for the first time on appeal. Crim.P. 52(b).

## I.

■ The defendant first contends that his right to due process was violated by the lack of a designated culpable mental state in section 18–3–203(1)(f). Of the various sub-sections of section 18–3–203(1), only sub-section (f) does not contain an explicit statement of the culpable mental state which is required for a conviction. We have held that because a crime ordinarily requires the conjunction of an act and a culpable mental state, legislative silence on the element of intent in a criminal statute is not to be construed as an indication that no culpable mental state is required. *People v. Bridges,* 620 P.2d 1 (Colo.1980) (*Bridges II*). Rather, the requisite mental state may be implied from the statute. *Bridges II, supra; People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980) (*Bridges I*); *People v. Washburn,* 197 Colo. 419, 593 P.2d 962 (1979). Section 18–1–503(2), C.R.S.1973 (1978 Repl.Vol. 8).

In *People v. Walker,* 634 P.2d 1026 (Colo. App.1981), *cert. denied* Oct. 13, 1981, the court of appeals determined that section 18–3–203(1)(f) does not require a specific intent to inflict serious bodily injury. The court in *Walker* noted that in contrast with other provisions of section 18–3–203(1) and with the section pertaining to assaults on prison guards,[5] the language of intent is notably missing from section 18–3–203(1)(f). *Walker,* 634 P.2d at 1027. Although *Walker* did not specify the mental state to be implied, we conclude that the mental state "knowingly" is implied by the statute and is required for a conviction of second-degree assault on a police officer under section 18–3–203(1)(f). Therefore, the lack of an explicit culpable mental state in that statutory provision did not deny the defendant due process.

## II.

■ The defendant next argues that the court's instruction (*see* footnote 4, *supra*) on the requisite mental state under section 18–3–203(1)(f) was inadequate. Failure to properly instruct the jury with respect to an essential element of the crime charged constitutes plain error. *People v. Mattas,* 645 P.2d 254 (Colo.1982); *People v. Hardin,* 199 Colo. 229, 607 P.2d 1291 (1980).

■ The defendant's argument is answered by our decision in *People v. Mattas, supra.* The joint operation instruction given in this case left no doubt but that a culpable mental state was required for conviction under each charge. The instruction defined both "knowingly," the requisite intent element for section 18–3–203(1)(f), and "specific intent," the culpable mental state for section 18–3–203(1)(c). While the definition of "specific intent" was linked directly to the charge under section 18–3–203(1)(c), the definition of "knowingly" was not explicitly tied to section 18–3–203(1)(f). Conceivably, the jury could have applied the element of specific intent to the charge under section 18–3–203(1)(f). The application of the more culpable mental state of specific intent to section 18–3–203(1)(f) does not render the instruction defective, however, since this action could only inure to the benefit of the defendant. *People v. Mattas,* 645 P.2d at 257, fn. 3; section 18–1–503(3), C.R.S.1973 (1978 Repl.Vol. 8).[6]

■ A different case would be presented if a court issued an instruction defining "knowingly" when one of two charges required proof of a defendant's specific intent. Under those circumstances, the fail-

---

**5.** Section 18–3–202(1)(f), C.R.S.1973 (1978 Repl.Vol. 8).

**6.** The defendant argues that *People v. Martinez,* 634 P.2d 26 (Colo.1981) requires reversal. We disagree. In *Mattas,* we distinguished *Martinez* on the basis that while the *Martinez* jury instructions may have implied that no mental state was required for conviction, the *Mattas* instructions left no doubt on that score. Because the lengthy joint operation instruction given here adequately apprised the jury of the necessity of finding a culpable mental state, we find the defendant's citation of *Martinez* unpersuasive. We reject any reading of *Martinez* which would imply a different result.

ure to clearly instruct the jury as to the more culpable mental state would constitute plain error. Here, however, the jury was informed that a culpable mental state was necessary, and its application of either of the two culpable mental states which were defined in the joint operation instruction—knowingly and specific intent—satisfies the requirements of due process.

Judgment affirmed.