The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robert WIEGHARD, Defendant-Appellant.

No. 83CA0736.

Colorado Court of Appeals, Div. II.

Aug. 15, 1985.

Rehearing Denied as to People Sept. 19, 1985.

Rehearing Denied as to Weighard Oct. 3, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Jane S. Hazen, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Robert Wieghard, appeals the judgments of conviction for aggravated robbery and commission of a crime of violence and his adjudication as an habitual criminal, for which he received a sentence of life imprisonment. We affirm in part, reverse in part, and remand for resentencing.

Defendant was charged with four counts of aggravated robbery, four counts of mandatory sentence for a crime of violence, two counts of menacing, and three counts of being an habitual criminal. Two counts

of crime of violence were dismissed along with one count of aggravated robbery and one count of menacing. Defendant was tried and found guilty of one count of aggravated robbery, one count of crime of violence, and the three habitual criminal counts. Defendant subsequently pleaded guilty to the remaining counts of aggravated robbery and crime of violence.

The evidence at the habitual criminal phase of the trial showed that in 1975 defendant had pleaded guilty in Indiana to unlawful entry into a vehicle and to commission of a felony while armed with a deadly weapon. The other prior felony conviction resulted from a guilty plea entered in Colorado to second degree burglary.

Defendant moved to dismiss the habitual criminal counts alleging that the guilty pleas were obtained in violation of his constitutional rights. We agree that two of the convictions are constitutionally infirm. Defendant's other allegations on appeal, however, do not warrant reversal of the convictions for aggravated robbery and crime of violence. Accordingly, the remand is limited to resentencing.

## I.

■ Defendant first contends that the trial court erred in refusing to dismiss the two habitual criminal counts based on the Indiana convictions for failure of the charging information to allege that each conviction would be a felony if committed in Colorado. *See* § 16–13–103(2), C.R.S. (1984 Cum.Supp.). While the information does fail to meet this requirement of the statute, the error causes no prejudice to the defendant.

■ The information here charged that the defendant's two Indiana convictions were based on offenses which were felonies in Indiana. It is not, however, necessary that the state prove that these offenses would be felonies in Colorado, as it is a matter of law of which the court may take notice. *People v. Swain*, 43 Colo.App. 343, 607 P.2d 396 (1979).

Defendant makes no allegation that he lacked notice that the state intended to use the two Indiana felony convictions as a basis for seeking a habitual criminal conviction. *See People v. Ybarra*, 652 P.2d 182 (Colo.App.1982). Therefore, since defendant's only complaint is to the technical wording of the information itself, the trial court acted properly in denying defendant's motion to dismiss these two counts.

## II.

Defendant next contends that the three prior felony convictions used to support his conviction for habitual criminal under § 16–13–101, C.R.S. (1984 Cum.Supp.) were defective because they were each based on guilty pleas obtained in an unconstitutional manner. We find defects in the manner in which the two Indiana convictions were obtained.

■ In reviewing defendant's two Indiana convictions, we note that defendant also contends that the advisements he received in Indiana trial courts failed to comply with Indiana case and statutory law. Although we are bound to give full faith and credit to Indiana judgments, U.S. Const. art. IV, § 1, here we need not reach the question of validity under Indiana law for, even though a foreign conviction complies with the law of the forum, that conviction cannot automatically be used to enhance a sentence under Colorado's habitual criminal scheme.

■ We are free, however, to examine defendant's Indiana convictions for compliance with federal constitutional standards and Colorado advisement requirements for purposes of determining whether the convictions can be used to enhance the sentence he received pursuant to his Colorado conviction. *See People v. Meyers*, 617 P.2d 808 (Colo.1980). A prior conviction obtained in violation of a constitutional right of the accused cannot be used in a subsequent criminal proceeding to enhance punishment. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Watkins v. People*, 655 P.2d 834 (Colo.1983).

■ The transcript of defendant's 1975 Indiana plea hearing on the charge of commission of a felony while armed with a deadly weapon shows that the prosecutor read a capias describing the events constituting the crime to the defendant. The trial court then inquired of the defendant whether he had read and understood the charges in the information. The defendant responded in the affirmative. The trial court next asked the defendant what he was accused of, and he stated, "armed robbery and injury in the commission of a felony." The court then discussed with the defendant the various rights he waived by pleading guilty and concluded with a discussion of the prosecutor's recommended sentence. Nowhere in the proceeding was there a discussion of the elements comprising the offense. Defendant contends here that the trial court's failure to insure that he understood the elements of the offense rendered his guilty plea constitutionally defective. We agree.

■ Constitutional due process requires that a guilty plea be voluntarily and understandingly made if a conviction based on that plea is to be admissible in a subsequent criminal proceeding. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Meyers, supra*. In order for a plea to be voluntary and understanding, the defendant must be apprised of the critical elements of the offense. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Harshfield v. People*, 697 P.2d 391 (Colo. 1985). Whether the reading of the information is adequate to explain the offense to the accused depends on the degree to which the charge itself is readily understandable to a person of ordinary intelligence without further explanation by the court. *People v. Cabral*, 698 P.2d 234 (Colo.1985); *People v. Gorniak*, 197 Colo. 289, 593 P.2d 349 (1979). A mere assertion by the defendant that he understands the charge may not be enough. *See People v. Sanders*, 185 Colo. 356, 524 P.2d 299 (1974). The record must affirmatively show the defendant's understanding of the critical elements of the charge. *People v. Leonard*, 673 P.2d 37 (Colo.1983).

There is nothing in the record here to show that defendant understood the elements of the offense other than his assertion that he read the information and understood it. The Indiana offense with which defendant pleaded guilty was complicated and required explanation. In 1975 it read as follows:

"Commission of or attempt to commit crime while armed with deadly weapon. —Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years." IND.CODE § 10–4709 (Supp.1975)

In 1975, this offense was separate from the Indiana crime of robbery, which was then defined in a different statutory section. Defendant's assertion at the plea hearing that he was accused of "armed robbery and injury in the commission of a felony" demonstrates that he was confused over the precise nature of the crime to which he was pleading guilty. Under these circumstances, it is evident that the Indiana statutory definition of the crime of commission of a felony while armed with a deadly weapon was not readily understandable to a person of ordinary intelligence. Accordingly, since defendant was neither given an explanation, nor evinced an understanding, of such crime, the resulting conviction cannot be used in Colorado to support a habitual criminal conviction.

Similarly, defendant's 1975 Indiana conviction for unlawful entry of vehicle is also defective. This offense was defined as follows:

"Unlawful entry into vehicles, vessels, aircraft and recreational vehicles.—A person is guilty of an offense if: ... (b)

He enters into a vehicle, vessel or aircraft with intent to commit a felony." IND.CODE § 10–4537 (Supp.1975)

The record of defendant's Indiana plea hearing on this charge also shows that the elements of the offense were not set out. Specifically, there was no discussion of the requisite intent and no mention of the underlying felony.

In a recent Colorado supreme court case, it was held that a defendant's guilty plea to this state's offense of breaking and entering a motor vehicle, C.R.S.1963, 40–5–10(1), was defective where the trial court failed to read the information, there was no discussion of *mens rea*, and no explanation of the charge. *Harshfield v. People, supra.* The circumstances here are similar in that the Indiana record does not disclose that the essential elements of the offense were explained to the defendant. Accordingly, this conviction too cannot be used to support the defendant's Colorado habitual criminal conviction.

### III.

Defendant's next contention concerns the use of his three prior felony convictions to impeach his testimony at trial on the charges of aggravated robbery and crime of violence. Defendant made a motion in limine prior to trial to exclude this evidence as based on constitutionally invalid pleas of guilty and because of possible prejudice. The trial court, which had earlier ruled that all three of the guilty pleas were constitutional, denied the motion. Defendant's counsel then advised the court that defendant would not testify at trial out of fear that the jury would misinterpret defendant's prior convictions as evidence of a propensity to commit robbery offenses.

■ Defendant's sole argument on appeal is that he made a prima facie showing of constitutional invalidity of the prior convictions which the prosecution failed to rebut, and therefore, the convictions cannot be used for impeachment purposes. *People v. Meyers, supra.* Since we have found that the two Indiana convictions were

based on invalid guilty pleas, they cannot be used to impeach defendant at trial.

■ However, because defendant did not testify at trial, the two convictions were never improperly admitted into evidence. We therefore can only speculate whether defendant was prejudiced by the trial court's ruling. There is nothing in the record to indicate that defendant would have testified if only two of his three prior convictions were excluded, and he made no offer of proof concerning what his testimony would be. *See Luce v. United States,* 469 U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Because an accused's decision not to testify "seldom turns on the resolution of one factor," a reviewing court cannot assume that the adverse ruling motivated his decision not to testify. *Luce v. United States, supra.* Accordingly, the trial court's error in ruling that the two Indiana convictions could be used to impeach defendant's testimony was harmless. *See People v. Goff,* 187 Colo. 57, 530 P.2d 512 (1974); *People v. Sasson,* 628 P.2d 120 (Colo.App.1981).

### IV.

Defendant's remaining contentions are without merit.

Accordingly, defendant's convictions for aggravated robbery and crime of violence are affirmed. Defendant's adjudication as an habitual criminal is reversed, and the cause is remanded to the trial court for resentencing.

KELLY and METZGER, JJ., concur.