The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald Ray BREWER, Defendant-Appellant.

No. 83CA1316.

Colorado Court of Appeals, Div. I.

Nov. 29, 1985.

Rehearings Denied Jan. 16, 1986.

Certiorari Denied June 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Davis & Fritsche, William J. Fritsche, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Ronald Ray Brewer, appeals the judgment of conviction and sentence entered upon jury verdicts finding him guilty of attempted first degree murder after deliberation, attempted aggravated robbery, and conspiracy to commit aggravated robbery. We affirm.

On November 30, 1981, defendant and two others attempted the armed robbery of a restaurant, during which they exchanged gunfire with police officers.

Defendant first contends that his constitutional right to testify was needlessly chilled by an erroneous ruling of the trial court that he could not collaterally attack one of three prior convictions alleged in support of the imposition of an enhanced penalty. He argues that his right to testify was chilled because he could have been impeached by this felony conviction. We disagree.

An accused must testify in order to obtain appellate review of a trial court's ruling that a previous conviction could have been used for impeachment. *Luce v. United States*, 469 U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *People v. Wieghard*, 709 P.2d 81 (Colo.App.1985). Here, defendant did not testify, and we can only speculate as to whether he was prejudiced by the trial court's ruling. Further, defendant also faced impeachment on the basis of another felony, the admissibility of which is not contested on appeal. Since an accused's decision not to testify seldom turns on a single factor, we cannot assume that the adverse ruling motivated defendant's decision not to testify. *See Luce v. United States, supra; People v. Wieghard, supra.*

Defendant next argues that the trial court was collaterally estopped from allowing the use of a prior conviction for impeachment purposes because a previous trial court had ruled that the conviction was unconstitutionally obtained. We disagree.

In the previous trial to which defendant alludes, the court dismissed an habitual criminal charge because it found that a prior conviction had been unconstitutionally obtained. In *Wright v. People*, 690 P.2d 1257 (Colo.1984), our Supreme Court stated that: "In the context of habitual criminality proceedings, collateral estoppel does not apply to trial court rulings which merely exclude evidence concerning the defendant's status as an habitual criminal." The court went on to conclude that the issues actually litigated in each court lack the identity necessary to fulfill the requirements for collateral estoppel. *See Wright v. People, supra.* Therefore, in this case, the trial court did not err in reconsidering the constitutionality of defendant's prior conviction.

Defendant next asserts that he was denied equal protection because he was given a drastically disproportionate sentence for his conviction of attempted first degree murder after deliberation than he would have received for first degree assault committed during the perpetration of a robbery under § 18–3–202(1)(d), C.R.S. (1985 Cum. Supp.). He contends that the two crimes do not contain rationally different elements. Again, we disagree.

 Where different statutes proscribe dissimilar forms of conduct, and where there is a rational basis for disparate sanctions, such statutes do not offend equal protection guarantees. *People v. Velasquez,* 666 P.2d 567 (Colo.1983); *People v. Gibson,* 623 P.2d 391 (Colo.1981).

Attempted first degree murder requires the specific intent, after deliberation, to cause the death of a person other than the actor. Section 18–3–102, C.R.S. (1978 Repl. Vol. 8); § 18–2–101, C.R.S. (1978 Repl.Vol. 8). Subsection (1)(d) of the first degree assault statute, § 18–3–202, C.R.S. (1985 Cum.Supp.) does not require specific intent to cause serious bodily injury, although it requires that the actor have the mens rea necessary to satisfy the underlying felony. Under that subsection, an actor commits first degree assault whenever serious bodily harm is suffered by a person during the actor's commission, or attempted commission, of any of the offenses specified in the subsection. As such, assault under this subsection of the statute is analogous to felony murder where specific intent is similarly not required. *See* § 18–3–102(1)(b), C.R.S. (1978 Repl.Vol. 8); *People v. Scheer,* 184 Colo. 15, 518 P.2d 833 (1974).

A statute which punishes an actor for his intended, albeit unsuccessful, murder of another proscribes different conduct than a statute which punishes the actor for serious bodily injury which occurs unintentionally during the commission of a specified felony. Further, the difference in the intent requirement between the two statutes provides a rational basis for disparate sanctions. The General Assembly may provide for more severe penalties for an act which it believes to be of greater social consequence. *People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977). Thus, we hold that the application of the attempted first degree murder statute to the determination of defendant's sentence does not offend his equal protection guarantee.

Defendant's final contention is that cumulative errors committed by the trial court require a reversal of his conviction. Upon examination of the record, we conclude that there were no errors committed. The cumulative error doctrine demands that numerous formal irregularities be committed, not simply alleged. *People v. Jones,* 665 P.2d 127 (Colo.App.1982), *aff'd sub nom., People v. Curtis,* 681 P.2d 504 (Colo.1984). Thus, defendant's claim is without merit.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.