The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gregory Lynn WELLS, Defendant-Appellant.

No. 85CA0349.

Colorado Court of Appeals, Division III.

Nov. 26, 1986.

Rehearing Denied Dec. 24, 1986.

Certiorari Denied (Wells) March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree assault, menacing, attempt to escape, and four counts of habitual criminality. We affirm.

Defendant was serving a life sentence for first degree murder. He was transferred from the penitentiary at Canon City to the State Hospital in Pueblo for surgery. While recuperating in the hospital's locked security ward, he used a sharpened butterknife to threaten a guard in an unsuccessful effort to escape.

## I.

The defendant argues that failure to instruct the jury properly on the charged crimes of attempt to escape and second degree assault was plain error. We disagree.

## A.

■ Defendant first claims that plain error occurred when the trial court did not define two essential elements of the crime of attempt to escape in the jury instructions—"attempt" and "escape." Under the plain error standard of review, there must be a reasonable probability that the allegedly erroneous instruction contributed to the defendant's conviction. *People v. Weller,* 679 P.2d 1077 (Colo.1984).

We conclude that the court did not commit plain error by not including in the instructions the definition of attempt found in the general criminal attempt statute, § 18–2–101, C.R.S. (1986 Repl. Vol. 8B). The situation in *People v. Weller, supra,* is analogous.

Here, as in *Weller,* defendant was charged under a specific criminal attempt statute, not under the general provision. The specific criminal attempt statute at issue here was attempt to escape, § 18–8–208.1, C.R.S. (1986 Repl. Vol. 8B), and the instruction given at trial tracked the language of that statute. It included the mental state "knowingly" as an element of the offense. The general criminal attempt statute would add only the requirement of taking some substantial step towards the commission of the offense. Section 18–2–101(1), *People v. Weller, supra.*

■ The court in *Weller* stated that an optimal instruction on a specific attempt crime would include this element, but it held that if uncontroverted evidence established the substantial step, its omission from the instructions could not constitute plain error. Here, defendant admitted both his intent to escape confinement in the hospital and the substantial step of pulling a knife on the officer, and thus failure to define the element of attempt was not reversible error.

■ Nor was failure to define "escape" plain error. Except for the requirement of voluntariness, all the essential elements of the offense of escape listed in defendant's brief were included in the instruction on the elements of attempt to escape. That element was clearly explained in the joint operation instruction defining mental state requirements.

## B.

■ The court did not commit plain error by not including in the second degree assault instruction the element of lawful confinement or custody, as this issue was conceded by defendant and otherwise established by the evidence. And, under the holding in *People v. Hart,* 658 P.2d 857 (Colo.1983), it was not plain error not to include clear instructions on the mental state necessary to commit second-degree assault under § 18–3–203(1)(f), C.R.S. (1986 Repl. Vol. 8B). The supreme court held in *Hart* that the mental state "knowingly" is implied in the statute, and that a joint instruction defining this mental state adequately apprised the jury of the necessity of finding a culpable mental state. Such a joint operation instruction also was given here.

Applying the plain error standard, we conclude there is no reasonable probability that any of the allegedly erroneous instructions contributed to the defendant's conviction. *See Ramirez v. People,* 682 P.2d 1181 (Colo.1984); *People v. Espinoza,* 669 P.2d 142 (Colo.App.1983).

## II.

Defendant next argues that the trial court committed plain error by allowing repeated references to defendant's prior

conviction for first degree murder. We disagree.

■ One of the elements the People are required to prove to convict a person of attempt to escape under § 18–8–208.1(1) is custody or confinement following conviction of a felony. We held in *People v. Brewer,* 720 P.2d 583 (Colo.App.1985), that, even if a defendant offers to stipulate that he was being held on unspecified felonies at the time of the escape attempt, the probative value of evidence naming the specific felonies is not outweighed by any prejudicial effect. As in *Brewer,* the references in this case to defendant's prior murder conviction were properly made, to prove an element of the offense charged and to cross-examine the defendant. There was no abuse of the trial court's discretion in admitting this evidence.

### III.

Defendant argues that he was denied due process because three of the four underlying convictions used to support the habitual criminal conviction were constitutionally invalid.

■ Under the habitual criminal statute, a person convicted of a felony who has been convicted of three previous felonies shall be imprisoned for life. Section 16–13–101(2), C.R.S. (1986 Repl. Vol. 8A). Defendant was charged with four counts under the habitual criminal statute, corresponding to four previous felonies to which he entered guilty pleas. The habitual criminal sentence is valid if two of the three contested guilty pleas are free of constitutional defects.

■ For a conviction based upon a guilty plea to satisfy constitutional standards, the record must establish that it was entered voluntarily and understandingly. Crim.P. 11 prescribes a procedure to ensure that constitutional requirements are met before such a plea is accepted by the trial court. *People v. Lesh,* 668 P.2d 1362 (Colo.1983).

### A.

■ Defendant asserts that when he entered a guilty plea to the crime of first degree burglary in 1976, he was not properly advised of the nature and elements of that crime. He specifically claims that the mental elements included in the charge read to him, "knowingly" and "specific intent," and the elements of the crime of theft, required further explanation.

In *People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979), the supreme court held that "with specific intent" was sufficiently understandable to a lay person to satisfy the requirement that a defendant understand the nature of the crime charged when entering a guilty plea. "Knowingly" also is sufficiently understandable. *See Wilson v. People,* 708 P.2d 792 (Colo.1985). And, theft was sufficiently explained to him as an element of the first degree burglary offense with which he was charged. The record of the providency hearing shows that the defendant was adequately advised and understood the nature and elements of the crime charged.

### B.

■ Defendant also challenges the Crim.P. 11 advisement given to him at the providency hearing following his guilty plea to a charge of robbery in 1976. There is no merit to this contention. The record reflects that the trial court assured itself that defendant's plea was voluntary and intelligently entered with full knowledge of the nature and elements of the offense and of the waiver of his rights. *See People v. Lambert,* 189 Colo. 264, 539 P.2d 1238 (1975). Failure to inform the defendant of the mental state requirement of "knowingly" cannot be said to be prejudicial to defendant, as that mental state requirement was implicit in the court's explanation that defendant's taking must have been done with the "intention" of not returning the currency.

While defendant was not informed of the prosecution's burden to prove his guilt beyond a reasonable doubt, he was correctly informed that the prosecution had the burden of proof. Advisement of the specific nature of that burden may be preferable, but is not required by Crim.P. 11.

Because we find two of the three contested guilty pleas valid, we need not address the third to affirm the life sentence imposed under the habitual criminal statute.

The other contention of error is without merit.

The judgment is affirmed.

BABCOCK and CRISWELL, JJ., concur.