The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**John A. HENDERSON, Jr.,** Defendant-Appellant.

**No. 86CA0007.**

Colorado Court of Appeals, Div. III.

June 4, 1987.

Rehearing Denied July 9, 1987.

Certiorari Denied (Henderson) Oct. 5, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Marilyn Chappell, Deputy State Public Defender, Pamela Stross Kenney, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN *, Judge.

Defendant, John Henderson, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree assault and conspiracy to commit first degree assault. We affirm.

## I.

■ Defendant first contends that the trial court erred in ruling on his in limine motion that his prior Florida felony convictions for assault with intent to commit first degree murder and shooting into a vehicle would be constitutionally admissible for impeachment purposes if he elected to testify. He argues that in the Florida proceeding resulting in these convictions he was not advised of the critical elements of the two offenses there at issue and that, therefore, his guilty pleas were not entered knowingly and voluntarily. We disagree.

■ First, we reject the People's contention that this issue was not preserved for review because defendant did not testify at trial. Where, as here, the admissibility of a prior felony conviction is challenged on constitutional grounds, a defendant is not required to testify at trial to preserve the issue for review. *See Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *People v. Apodaca*, 712 P.2d 467 (Colo.1985) (at fn. 9 the Supreme Court states that *Luce* is applicable only vis a vis Fed.R.Evid. 609(a) and is neither compelling nor applicable to a constitutional issue such as is raised here); *but see People v. Brewer*, 720 P.2d 596 (Colo.App. 1985); and *People v. Wieghard*, 709 P.2d 81 (Colo.App.1985) (both decided prior to *Apodaca*).

■ A foreign felony conviction is admissible for impeachment purposes in a Colorado proceeding if it complies with constitutional due process requirements. *See People v. Apodaca, supra; People v. Wieghard, supra*. Due process of law requires a plea to be made knowingly and voluntarily. *Harshfield v. People*, 697 P.2d 391 (Colo.1985).

■ To satisfy due process requirements, the record of the providency hearing must show affirmatively that the defendant understood the critical elements of the offense to which he pled guilty. *People v. Wade*, 708 P.2d 1366 (Colo.1985); *Harshfield v. People, supra*. However, a uniform ritual need not be followed by the trial court. *People v. Wade, supra*.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Here, the record of the providency hearing shows that the Florida court neither advised defendant of the elements of the offenses nor read the information to him. However, the testimony of the defendant and the statements of defendant's counsel clearly reveal that the defendant knew and understood the elements of the charge.

The record of the providency hearing is sufficient to show that defendant understood the critical elements of the offenses to which he pled guilty. *See Fla.Stat.Ann.* §§ 784.06 and 790.19 (West). Accordingly, the trial court did not err in determining that defendant's prior felony convictions would be admissible for impeachment purposes.

## II.

Defendant next contends that the trial court erred in admitting testimony of two witnesses which defendant contends alluded to prior criminality on the part of the defendant. We find no merit in this contention.

The victim testified that the defendant and co-defendant had borrowed his car, and he asked them: "If they had did anything, any crimes with it, or something...." The defendant objected on the ground that there was no evidence that the defendant had committed a crime. The trial court agreed, sustained the objection, and stated that what the victim thought did not matter. But the court did not advise the jury to disregard the statement. Defendant contends some such instruction should have been given. However, he made no such request at trial. We find the error, if any, to be harmless. *See People v. Martinez,* 705 P.2d 9 (Colo.App.1985).

The testimony of the second witness pertained solely to the whereabouts of the co-defendant shortly before the crime charged here was committed. There was no evidence submitted by this witness that pertained to the defendant. Thus, the ad-

mission of this evidence did not prejudice the appellant.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.