**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MURPHY H. MILES, JR.,

        Petitioner-Appellant,

v.

GENE ATHERTON and KEN
SALAZAR, Attorney General of the
State of Colorado,

        Respondents-Appellees.

No. 00-1460

(D. Colo.)

(D.C. No. 99-B-1349)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Murphy H. Miles, Jr., a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus in federal district court, alleging among other things that his constitutional rights were violated because of a flawed information. For the reasons set forth below, we dismiss the appeal.

## I. BACKGROUND & PROCEDURE

In 1990, Mr. Miles was charged with four counts of second-degree assault in violation of Colo. Rev. Stat. § 18-3-203(1)(f). Section 18-3-203(1)(f) provides in part that

> [a] person commits the crime of assault in the second degree if . . . while lawfully confined or in custody as a result of being charged with or convicted of a crime . . . , he or she violently applies physical force against a person engaged in the performance of his or her duties while employed by or under contract with a detention facility, . . . and the person committing the offense knows or reasonably should know that the victim is . . . a person engaged in the performance of his or her duties while employed by or under contract with a detention facility . . . .

Colo. Rev. Stat. § 18-3-203(1)(f). [1] The information under which Mr. Miles was charged stated that, for each count,

---

[1] Section 18-3-203(1)(f) was later amended to read "[a] person commits the crime of assault in the second degree if . . . he or she *knowingly and violently applies physical force . . . ."* See Colo. Rev. Stat. § 18-2-303 (historical and statutory notes) (emphasis added).

> Murphy Miles, while lawfully confined and in custody as a result of being charged with and convicted of a crime did unlawfully, feloniously, and violently *apply physical force* against . . . a person engaged in the performance of his duties while employed by and under contract with a detention facility . . . *and Murphy Miles knew and reasonably should have known* that [the victim] was a person engaged in the performance of his duties while employed by and under contract with a detention facility . . . .

Info. at 1 (dated Aug. 14, 1990) (emphasis in original).

After a jury trial, Mr. Miles was convicted of all four counts. He subsequently appealed his conviction and sought state post-conviction relief. After his conviction was affirmed and the state post-conviction relief denied, Mr. Miles filed a petition for a writ of habeas corpus in federal district court. See 28 U.S.C. § 2254.

In his report and recommendation, the magistrate judge determined that six of the seven claims raised in Mr. Miles's petition were not exhausted. The magistrate judge also concluded that, in addition to being unexhausted, the six claims were procedurally barred under state law and that Mr. Miles did not demonstrate cause and prejudice to justify the procedural default. As for Mr. Miles's last claim, the magistrate judge stated, "[T]he state court's adjudication of [the] claim was in accordance with clearly established federal law . . . [and] based on a reasonable determination of the facts presented." Rep. & Rec. at 15 (filed Sept. 15, 2000).

After considering the report and recommendation de novo, the district court denied Mr. Miles's petition, concluding that the magistrate judge's determinations were correct. When Mr. Miles later sought a certificate of appealability ("COA") from the district court, the application was also denied. Mr. Miles thereafter filed an application for a COA with this court, as well as a motion to proceed in forma pauperis and an application to stay the district court's decision pending appeal.

## II. DISCUSSION

Because Mr. Miles is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Under 28 U.S.C. § 2253(c), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). According to Mr. Miles, he meets this standard because: (1) in People v. Hart, 658 P.2d 857 (Colo. 1983), the Colorado Supreme Court improperly "conclude[d] that the mental state 'knowingly' is implied by [Colo. Rev. Stat. § 18-3-203(1)(f)]," id. at 859; and (2) the information did not give him adequate notice of the offense with which he was charged because it did not specify the requisite mens rea.

We disagree. We have thoroughly reviewed Mr. Miles's application for a COA, the magistrate judge's report and recommendation, the district court's order

-4-

adopting that report and recommendation, and the entire record before us. We conclude that Mr. Miles has failed to make a substantial showing of the denial of a constitutional right for substantially the same reasons set forth in the magistrate judge's report and recommendation.

Having denied Mr. Miles's application for a COA, we now turn to his motion to proceed in forma pauperis and application for stay. Because Mr. Miles has shown "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we grant his motion to proceed in forma pauperis.

As for his application for stay, we deny on the ground that Mr. Miles has not offered any valid basis on which we can stay the district court's denial of his habeas petition. Tenth Circuit Rule 22.2, for example, is not applicable because Mr. Miles was sentenced to a specific prison term for each count, not death. See 10 Cir. R. 22.2 (dealing with procedures in death penalty cases). Title 28 U.S.C. § 2251 is not applicable as it is limited to stays of state proceedings. See 28 U.S.C. § 2251 ("A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained

-5-

in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.").

Accordingly, we DENY Mr. Miles's application for a COA, DISMISS his appeal, GRANT his motion to proceed in forma pauperis, and DENY his application for stay.

Entered for the Court,


Robert H. Henry
Circuit Judge